## NATHANIEL MIRICK *vs.* CHARLES A. HOPPIN.

Worcester.    October 7. — 23, 1875.    WELLS & AMES, JJ., absent.

A mortgagee of land, upon giving notice to a tenant in possession under a lease given before the mortgage, is entitled to receive the rent due and unpaid after the execution of the mortgage; and it is not necessary for the mortgagee to make an actual entry upon the land to obtain possession as against the mortgagor.

The lessor of land, intending to put up a fence between the land demised and another parcel of his land, with the knowledge of the lessee, placed the fence so as to cut off from the land demised about 332 square feet. The mistake was not discovered for some months by either the lessor or lessee; and when the mistake was discovered the lessor offered to remove the fence, but was forbidden to do so by the lessee. *Held,* that there was not such an eviction from part of the demised premises as to exempt the lessee from payment of rent.

On the issue whether a mortgagee of land had given notice to the lessee and made a demand on him for rent, a receipt for rent, given to the lessee by the agent of the mortgagee, is competent evidence of such notice and demand, and the weight of the evidence is for the jury.

CONTRACT for use and occupation of a shop and land in Worcester from June 1 to September 1, 1874, with a count setting forth that Michael Quinn, prior to Februry 21, 1874, made a lease of the shop to the defendant at a certain rent, and that the lease was still in force ; that, on said February 21, Quinn mortgaged the estate to R. C. Taylor, who assigned the mortgage to the plaintiff ; that on June 1, 1874, the plaintiff took possession of the estate under the mortgage, and notified the defendant to pay rent ; that the defendant agreed to pay the plaintiff rent under the lease ; and that the defendant owed the plaintiff $200 for the months of June, July and August, 1874. Writ dated September 5, 1874. The answer admitted the execution of the lease on May 31, 1872, for the term of seven years, denied the other allegations of the declaration, and set up an eviction from a portion of the demised premises.

Trial in the Central District Court of Worcester, the judge of which allowed a bill of exceptions in substance as follows :

It was not disputed that some time in the fall of 1873 Quinn erected a fence on the premises described in the mortgage, (a part of which premises the defendant was occupying under his lease), and by the location of said fence cut off from the premises described in the lease about three hundred and thirty-two square feet of land, of which the defendant had previously been in occupation under his lease, and that said fence was so standing at the time the plaintiff claims to have entered into possession of said leased premises under his mortgage. There was no evidence that the defendant was present when said fence was erected, or had anything to do with its erection, or that he had any knowledge that the erection of the same dispossessed him of any portion of his premises until he discovered it in the summer of 1874, except that Hoppin testified that Quinn, just before the fence was erected, borrowed his lease to see where to put the fence ; that he knew of the erection of the fence at the time it was being put up, and supposed it was on the line, and did not discover it was not till July, 1874. Quinn testified at the trial that the location of

said fence was by mistake on his part, and that on or about August 13, 1874, and as soon as he discovered the mistake, he offered to remove it, but the defendant forbade him to do so.

The defendant testified at the trial that he paid the rent reserved in his lease up to June 1, 1874, but that before July 15 of the same year he first discovered that he was dispossessed of a portion of the premises described in his lease by the erection of said fence, and thereafter refused to pay rent; that the land fenced off was not in actual use up to the time it was fenced off, and he did not discover that it fenced off any of the land leased till he wanted it for use in the summer of 1874. He did not claim to be exempt from payment of rent by reason of eviction till suit was brought, but refused to pay the rent on other grounds.

Charles S. Knights, who, as the evidence tended to show, had at the time a written power of attorney from the plaintiff to collect the rent of the property described in the plaintiff's mortgage, and to take possession of the premises for the plaintiff, and to do anything in relation thereto for the plaintiff which he could do under his mortgage, testified that he entered upon the premises occupied by the defendant, in company with Quinn, the lessor and mortgagor, on June 1, 1874, and gave notice to the defendant that he was acting in pursuance of his authority from the plaintiff, and said that he was upon the premises for the purpose of taking possession of the same to collect the rent; that the plaintiff had bought the mortgage of R. C. Taylor, and that upon the request of the defendant, Quinn gave him, Knight, an order upon the defendant for the rent then due and that to become due.

Knight, on cross-examination, testified that Quinn went with him to give peaceable possession; that he, Knight, had come to take peaceable possession of the premises; that he took the defendant away from Quinn by himself and explained the whole thing to him, and said: "We don't mean to sell under our power, but only to collect the rent, but want Quinn to have control of the property."

It also appeared that on the said June 1 the plaintiff was the owner of said mortgage, and that the condition thereof was broken. There was also evidence tending to show that the defendant saw Knight a few days after June 1, and paid him the rent for the

month of May, and at that time Knight told the defendant that he was acting as attorney for the plaintiff, and the rent was to go to pay interest on the mortgage.

The defendant denied that such notice was given as testified to by said Knight; also that any power of attorney was shown or referred to, or spoken of; also that the name of the plaintiff was used at the time, or any reference made to any mortgage or assignment, but admitted the giving of an order by Quinn to him to pay the rent due and to become due to said Knight, and his acceptance of the same.

The defendant asked the judge to instruct the jury as follows:

" 1. If Knight told the defendant that it was not the purpose of the plaintiff to disturb Quinn's possession or control of the premises, but only to get the rent to apply on the mortgage, then that was not a legal and sufficient notice, and did not give the plaintiff any possession or right to maintain a suit for rent.

" 2. That if the jury are satisfied that the defendant was dispossessed, by the building of the fence, from any part of the premises covered by his lease, the plaintiff cannot maintain this action, although the fence was placed there by mistake, and Quinn afterwards offered to remove it, unless they are satisfied that such offer to remove was made before the rent accrued for which this action was brought.

" 3. That if the jury are satisfied that no demand was made upon the defendant to pay the rent to Mirick, or to Knight as his agent, and he was never notified of the assignment of the mortgage, the plaintiff cannot maintain this action.

" 4. That the fact that Knight signed receipts of Hoppin, for rent, as agent for Nathaniel Mirick, mortgagee, is no evidence, of itself, of sufficient notice or demand to pay rent to Mirick.

" 5. That if the defendant has been evicted from any portion of the premises covered by his lease, the plaintiff cannot maintain this action, and the defendant is entitled to a verdict.

" 6. That if Quinn built a fence whereby the defendant was dispossessed from a portion of the premises covered by his lease, it constitutes eviction, and the plaintiff cannot maintain this action, although he placed it there by mistake.

" 7. That if Quinn built a fence whereby the defendant was dispossessed from a portion of the premises covered by his lease,

it constituted an eviction, and the plaintiff cannot maintain this action, although he placed it there by mistake, and afterwards offered to remove it."

The judge refused to give these instructions in the form requested, but instructed the jury as follows:

"The mortgage to Taylor from Quinn of the premises in question carried with it the right to the mortgagee to receive the rent from the tenant Hoppin under the lease, falling due after the date of the mortgage, and to this right the assignee of the mortgage succeeded. But in order to entitle the plaintiff in this case to recover of the defendant the rent sued for, the jury must be satisfied that he gave notice to the defendant that he was the owner of the mortgage, and that thereafter the defendant must pay the rent to him. Did he do this? The burden is upon the plaintiff to prove it to your satisfaction. But the defendant says if this is so the plaintiff cannot recover, because, during the time covered by the plaintiff's claim, the defendant was evicted of part of the premises. An eviction consists in taking from the tenant some part of the demised premises of which he was in possession, and an eviction of a tenant from a part of the premises demised will relieve him from the obligation to pay any rent under the lease. If the defendant was evicted from any part of the leased premises, the plaintiff cannot recover. Was he so evicted? The defendant claims that the eviction consists in erecting a fence shutting off a part of the land from his occupation. If you find that the fence which shut off the triangular piece of land was erected in good faith by Quinn, with the knowledge of the defendant, both parties supposing at the time that it was on the true line, and that as soon as he discovered his error he offered to remove it, and was prevented by the defendant, you will be authorized to find that this act did not amount to such an eviction as would defeat the plaintiff's action. If you find that the defendant was, by the erection of the fence, deprived of the beneficial use of the demised premises, or any part thereof, you will deduct from the plaintiff's claim in this action such sum as the rental value of the premises fenced off bears to the rental value of the whole estate demised. The receipt for rent given by Knight as agent of Mirick, to Hoppin, is competent evidence. Its weight is for the jury.'

The jury returned a verdict for the plaintiff for $192.50 ; and the defendant alleged exceptions.

The Superior Court affirmed the instructions ; and the defendant entered the exceptions in this court.

*J. A. Titus*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

ENDICOTT, J.  The defendant was the lessee of the premises under a lease from Michael Quinn.  After the execution of the lease, Quinn mortgaged the premises to Taylor, who assigned the mortgage to the plaintiff.  There was evidence that the plaintiff, by his attorney Knight, entered upon the premises with Quinn for the purpose of taking possession under the mortgage.  Knight notified the defendant of this entry, and also that he must pay the rent to him as attorney for the plaintiff, and the defendant afterward paid a month's rent to Knight.

A mortgagee, upon giving notice to a tenant in possession under a lease given before the mortgage, is entitled to receive the rent due and unpaid after the execution of the mortgage.  *Russell* v. *Allen*, 2 Allen, 42, 43.  It was therefore immaterial that Knight, at the time of the alleged entry and notice, said that it was not the purpose of the plaintiff to disturb Quinn in the possession and control of the premises, but only to get the rent to apply on the mortgage.  It was not necessary that the plaintiff should make an actual entry and obtain the possession against Quinn, as in the case where the mortgage is prior to the lease. The notice to pay rent to the plaintiff was all that was required in this case.  *Russell* v. *Allen, supra.*

The eviction of a tenant from a part of the demised premises suspends the obligation to pay rent under the lease.  This is on the ground that an eviction is a tortious act done against the consent of the tenant, and with the intent on the part of the landlord to deprive the tenant of the beneficial enjoyment of the demised premises, in whole or in part.  In such case, the landlord is not allowed to apportion his own wrong.  *Royce* v. *Guggenheim*, 106 Mass. 201.  *De Witt* v. *Pierson*, 112 Mass. 8.  *Colburn* v. *Morrill*, 117 Mass. 262.  But there is no eviction if the landlord incloses a portion of the demised premises with the knowledge of the tenant, both parties at the time supposing that the line of the land thus inclosed was the true line of the de-

mised premises. There was evidence to this effect in the case at
bar, and also that the landlord, when he discovered the mistake,
proposed and attempted to correct it, but was prevented by the
defendant. The instructions by the court upon this point were
sufficiently favorable to the defendant.

The receipt for rent given to the defendant by Knight, as at-
torney for the plaintiff, was competent evidence on the question
of notice and demand to pay rent to the plaintiff as mortgagee.
Its weight was for the jury, and the court was not bound to give
the instruction that, in itself, it was not sufficient evidence of no-
tice and demand. The other instructions prayed for were in sub-
stance given to the jury.                    *Exceptions overruled.*