HORACE J. ADAMS *vs.* ALBERT S. BIGELOW.

Middlesex. Jan. 13. — Feb. 5, 1880. COLT & LORD, JJ., absent.

The owner of land, subject to a mortgage given by his grantor, and which he had not assumed, leased the land. A few days before an instalment of rent became due, the mortgagee entered and foreclosed the mortgage, and demanded rent of the tenant, and the latter attorned to him. *Held*, that the owner of the land could not maintain an action against the tenant for the whole or any part of this instalment; and that the St. of 1869, *c.* 368, § 1, did not apply.

CONTRACT for the rent of a house in Boston from June 15, 1878, to September 3, 1878. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts in substance as follows:

On September 15, 1875, the plaintiff leased the house in question to the defendant, for the term of three years from that date, rent being payable quarterly at the rate of $1100 a year. At the time of executing the lease the plaintiff was the owner of the premises, subject to a mortgage given by the plaintiff's grantor for $12,000, which mortgage the plaintiff was not bound in law to pay.

On September 3, 1878, twelve days before the last quarter's rent was payable, the holder of the mortgage entered for a

breach of the conditions of the mortgage and for the purpose of foreclosing the same, and notified the defendant that he must pay rent to him as a condition of his remaining, and demanded of the defendant payment of the quarter's rent payable by the terms of the lease on September 15. The defendant, without the knowledge and consent of the plaintiff, paid the rent to the mortgagee.

If the plaintiff was entitled to recover, he was also to be entitled to interest from the date of the writ; otherwise, judgment for the defendant.

*I. S. Morse & G. A. Morse*, for the plaintiff.

*D. L. Withington & E. W. Cate*, for the defendant.

ENDICOTT, J.    At the time the plaintiff leased the premises to the defendant, they were subject to a mortgage. Before the quarter's rent became due, which the plaintiff seeks to recover in this action, the mortgagee entered for condition broken and for the purpose of foreclosure, and notified the defendant that he must pay rent to him. No rent was then due, and the defendant upon demand paid the rent falling due soon after to the mortgagee, who was in possession. The tenant of a mortgagor is not liable to him for rent, after the mortgagee, who holds a mortgage given prior to the lease, has entered and notified the tenant to pay rent. *Cook* v. *Johnson*, 121 Mass. 326, and cases cited. *Knowles* v. *Maynard*, 13 Met. 352. See also *Russell* v. *Allen*, 2 Allen, 42; *Mirick* v. *Hoppin*, 118 Mass. 582.

The St. of 1869, c. 368, concerning the apportionment of rent, has no application to this case. It provides in § 1, that "when any lands are held by lease of a person having an estate therein determinable on a life, or on any contingency," and such estate shall determine before the day on which any rent is reserved or made payable, then such rent may be apportioned. And the plaintiff contends that the words "or any contingency" are broad enough to cover this case. But these words, taken in the connection in which they are used, clearly refer to the happening of some event affecting the nature and character of the estate itself, and an essential and necessary part of it, upon which the continuance of the estate depends. But the estate of a mortgagor, or of an owner of the equity of redemption, is not determined by the happening of any such event or contingency;

it can only be determined through his own neglect to perform his contract, or to pay the debt which the mortgage is given to secure. Nor is the plaintiff's estate determined by the entry of the mortgagee; he has the right to redeem, and, if the plaintiff had redeemed in season, he would have been entitled to receive the rent he now seeks to recover. The mortgagee by his entry simply put an end to the right of the plaintiff to receive the rent while the mortgage is outstanding and the mortgagee is in possession. See *Pope* v. *Biggs*, 9 B. & C. 245. The plaintiff, therefore, cannot maintain this action.

*Judgment for the defendant.*