## CLARA A. SMITH *vs.* THOMAS McENANY.

Suffolk.    November 12, 1897. — November 27, 1897.

Present: HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Landlord and Tenant — Wrongful Eviction from Part of Premises — Rent —
Covenant to Repair.*

A wrongful eviction of a tenant by his landlord from a part of the demised premises suspends the rent under the lease, but does not necessarily end the lease or other obligations of the tenant under it, such as a covenant to repair.

CONTRACT, for rent under a written lease of certain premises in Boston, for breach of a covenant therein to repair, and, upon an account annexed, for use and occupation and for the cost of certain repairs.    Answer: 1. A general denial.    2. An eviction. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.    The facts appear in the opinion.

*J. K. Berry*, for the plaintiff.

*H. M. Rogers*, for the defendant.

HOLMES, J.    This is an action upon a lease for rent, and for breach of a covenant to repair.    There is also a count on an account annexed, for use and occupation, etc., but nothing turns on it.    The defence is an eviction.    The land is a lot in the city of Boston, the part concerned being covered by a shed which was used by the defendant to store wagons.    The eviction relied on was the building of a permanent brick wall for a building on adjoining land belonging to the plaintiff's husband, which encroached nine inches by the plaintiff's admission, or, as his witness testified from measurements, thirteen and a half inches, or, as the defendant said, two feet, for thirty-four feet along the back of the shed.    The wall was built with the plaintiff's assent, and with knowledge that it encroached on the demised premises. The judge ruled that the defendant had a right to treat this as an eviction determining the lease.    The plaintiff asked to have the ruling so qualified as to make the question depend upon whether the wall made the premises " uninhabitable for the purpose for which they were hired, materially changing the

character and beneficial enjoyment thereof." This was refused, and the plaintiff excepted. The bill of exceptions is unnecessarily complicated by the insertion of evidence of waiver and other matters; but the only question before us is the one stated, and we have stated all the facts which are necessary for its decision.

The refusal was right. It is settled in this State, in accordance with the law of England, that a wrongful eviction of the tenant by the landlord from a part of the premises suspends the rent under the lease. The main reason which is given for the decisions is, that the enjoyment of the whole consideration is the foundation of the debt and the condition of the covenant, and that the obligation to pay cannot be apportioned. *Shumway* v. *Collins,* 6 Gray, 227, 232. *Leishman* v. *White,* 1 Allen, 489. *Royce* v. *Guggenheim,* 106 Mass. 201, 202. *Smith* v. *Raleigh,* 3 Camp. 513. *Watson* v. *Waud,* 8 Exch. 335, 339. It also is said that the landlord shall not apportion his own wrong, following an expression in some of the older English books. *Royce* v. *Guggenheim, ubi supra. Colburn* v. *Morrill,* 117 Mass. 262. *Mirick* v. *Hoppin,* 118 Mass. 582, 587. But this does not so much explain the rule as suggest the limitation that there may be an apportionment when the eviction is by title paramount, or when the lessor's entry is rightful. *Fillebrown* v. *Hoar,* 124 Mass. 580, 583. *Neale* v. *Mackenzie,* 1 M. & W. 747, 758. *Christopher* v. *Austin,* 1 Kernan, 216, 218. *Hodgkins* v. *Robson,* 1 Ventr. 276. *Hodgkins* v. *Thornborough,* Pollexfen, 141; 3 Keble, 557. Co. Lit. 148 b. Gilb. Rents, 151 *et seq.* It leaves open the question why the landlord may not show that his wrong extended only to a part of the premises. No doubt the question equally may be asked why the lease is construed to exclude apportionment, and it may be that this is partly due to the traditional doctrine that the rent issues out of the land, and that the whole rent is charged on every part of the land. Gilbert, Rents, 178, 179, gives this as one ground why the lessor shall not discharge any part from the burden and continue to charge the rest, coupled with considerations partly of a feudal nature. See also *Walker's case,* 3 Co. Rep. 22 a, 22 b; *Hodgkins* v. *Thornborough,* Pollexfen, 141, 143; *Neale* v. *Mackenzie,* 1 M. & W. 747, 763. But the same view naturally would be taken if the question arose now for the first

time. The land is hired as one whole. If by his own fault the landlord withdraws a part of it, he cannot recover either on the lease or outside of it for the occupation of the residue. *Leishman* v. *White*, 1 Allen, 489. See *Fuller* v. *Ruby*, 10 Gray, 285, 289; Keener, Quasi Contracts, 215.

It follows from the nature of the reason for the decisions which we have stated, that when the tenant proves a wrongful deforcement by the landlord from an appreciable part of the premises, no inquiry is open as to the greater or less importance of the parcel from which the tenant is deforced. Outside the rule *de minimis*, the degree of interference with the use and enjoyment of the premises is important only in the case of acts not physically excluding the tenant, but alleged to have an equally serious practical effect, just as the intent is important only in the case of acts not necessarily amounting to an entry and deforcement of the tenant. *Skally* v. *Shute*, 132 Mass. 367. The inquiry is for the purpose of settling whether the landlord's acts had the alleged effect; that is, whether the tenant is evicted from any portion of the land. If that is admitted, the rent is suspended, because, by the terms of the instrument as construed, the tenant has made it an absolute condition that he should have the whole of the demised premises, at least as against wilful interference on the landlord's part. A case somewhat like the present is *Upton* v. *Townend,* 17 C. B. 30, 74. See also *Sherman* v. *Williams*, 113 Mass. 481, 485.

We must repeat that we do not understand any question except the one which we have dealt with to be before us. An eviction like the present does not necessarily end the lease.; *Leishman* v. *White*, 1 Allen, 489, 490; or other obligations of the tenant under it, such as the covenant to repair. *Carrel* v. *Read*, Cro. Eliz. 374. *Snelling* v. *Stagg*, Buller, N. P. 165. *Morrison* v. *Chadwick*, 7 C. B. 266. *Newton* v. *Allin*, 1 Q. B. 518.

*Exceptions overruled.*