## NEW YORK DRY GOODS STORE v. PABST BREWING CO.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1902.)

### No. 796.

1. **ACTION FOR RENT—AFFIRMATIVE OF ISSUES—HARMLESS ERROR.**

    Where, in an action to recover rent, defendant entered a plea of the general issue and a plea of actual eviction, and before the trial withdrew the plea of the general issue and admitted the facts set up in the declaration to be true, and thereupon was given the right to open and close to the jury, over plaintiff's objection, such action, if erroneous, is not ground for reversal, unless it appears that plaintiff was prejudiced thereby.

2. **APPEAL—SPECIFICATIONS OF ERROR—BRIEF.**

    Where the brief of plaintiff in error refers to several specifications of error as a whole, and not separately, as required by the rule of the court, the court is not required to examine such rulings.

3. **TRIAL—DIRECTING VERDICT.**

    On a motion by a plaintiff to instruct the jury to find a verdict in his favor the court should consider not only all the facts which the evidence tends to establish, but all such fair and reasonable inferences of fact as the jury might lawfully draw from the evidence.

4. **LANDLORD AND TENANT—PARTIAL EVICTION—RIGHT TO RENT.**

    Where a landlord wrongfully evicts the tenant from an appreciable, material, or substantial part of the demised premises, the landlord's right to recover rent is thereby defeated.

5. **SAME—LEASE—BREACH BY LANDLORD—SURRENDER BY TENANT—RENT.**

    Where plaintiff, in leasing a basement to defendant, reserved the right to lower the windows in the store above to within 18 inches of the sidewalk, and actually lowered them to within 6 or 7 inches, and thereby deprived defendant of 185 feet of bulkhead space and of 47¾ square feet of window light surface, the question whether such bulkhead and window light space constituted an appreciable, material, or substantial part of the basement was one of fact, which it would be error to take from the jury.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This was an action brought by the plaintiff in error, hereinafter called "plaintiff," for rent alleged to be due to it by the terms of a written lease entered into with the defendant in error, hereinafter called "defendant," for the premises described as all the basement of the premises numbered 166, 168, 170, and 172 South State street, Chicago, excepting certain space used for steam boilers, elevators, engines, etc. The lease was executed August 26, 1897, for the term of four years and seven months, to commence on October 1, 1897, and to end April 30, 1902. The rent reserved was the sum of $333.33 per month, from October 1, 1897, to May 1, 1899, and $416.67 per month for the residue of the term. The lease contained a number of special provisions, the only material ones being the following: "That the ceiling which said second party (lessee) may construct or reconstruct in said basement shall be so built that the party of the first part (lessor) may, whenever it elects so to do, lower its present ground or first floor show windows on State and Monroe streets so that the bottom thereof shall be at least eighteen inches above the sidewalk level." That the lessee "is to allow the lessor free access * * * for the purpose of making alterations to said premises." At the time the lease was executed there were in the basement seven bulkhead windows,—four of them on the State street side, extending into the basement 4 feet and 6 inches each; and three on the Monroe street side, extending into the basement 3 feet and 6 inches each. These windows were hung upon hinges, so that they could be opened for purposes of ventilation. The evidence tends to establish that the plaintiff,

against the strong objection of the defendant, cut down and lowered its ground or first floor show windows to within 6 or 7 inches above the sidewalk level, and thus actually deprived the defendant of 185 feet of bulkhead space. In addition to this, the evidence tends to show that the four bulkhead windows on the State street side were each 6½ feet long by 1 foot 4 inches wide. The three on the Monroe street side were each 6 feet long and 1 foot 4 inches wide. In all of the windows there were 58⅔ square feet of glass or light surface at the time the lease was executed. If the ground or first floor show windows had been lowered so that they were not less than 18 inches above the sidewalk level, there would have been 51 square feet of light surface. They have been cut down and removed by the plaintiff lowering its show windows so that there is only 3 square feet and 30 square inches of light surface left, making a difference of 47¾ square feet of light surface which has been taken from the defendant. It was admitted by the plaintiff that it based its sole right to recover the rent upon the terms of the written lease. This suit was brought to recover the rent accruing after the defendant had abandoned and surrendered the basement. There was a plea of the general issue and a plea of the actual eviction of the defendant by the plaintiff from a substantial part of the demised premises. Counsel for defendant in open court, before the trial began, withdrew, by consent of the court, and without objection by the plaintiff, the plea of the general issue, and admitted the facts set up in the declaration to be true; and thereupon the court, over the objection and exception of the plaintiff, gave the defendant the right to open and close to the jury. At the conclusion of the evidence the plaintiff moved the court to give a binding instruction to the jury that they should return a verdict in its favor for $5,083.33. The court refused so to do, and the plaintiff excepted. The court then charged the jury generally on the law of the case, to which charge no exception was taken or reserved by the plaintiff. After deliberation the jury returned a verdict for the defendant, upon which the court rendered judgment. The plaintiff has assigned 19 errors. The first specification of error is that the court erred in ruling that the defendant was entitled to open and close. The assignments of error from specification 2 to specification 18, inclusive, are that the court erred in its various rulings in sustaining the objections of the defendant to the several questions set out in the said several specifications. The nineteenth specification is that the court erred in refusing to instruct the jury to return a verdict for the plaintiff for $5,083.33.

Eli B. Felsenthal, for plaintiff in error.
Thomas A. Moran, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge, after stating the case as above, delivered the opinion of the court.

Rule 24 of this court requires that the brief for the plaintiff in error shall contain, after a concise abstract or statement of the case, a specification of the errors relied upon, setting out in cases brought up by writ of error separately and particularly each error asserted and intended to be urged. In Vider v. O'Brien, 10 C. C. A. 386, 62 Fed. 327, 18 U. S. App. 711, 713, the intention of this rule was declared to be "that each specification of the brief should conform substantially, if not literally, to the particular specification of error on which it is predicated; and for convenience there ought to be with each specification in the brief a reference to the corresponding assignment of error as well as to the place in the bill of exceptions or other part of the record where the alleged error is shown." The nineteenth specification of error is the only one in

regard to which the brief purports to conform to the rule. The first specification—that the court erred in holding that the defendant was entitled to open and close—is not mentioned in the brief of the plaintiff; but, if insisted upon, and the action of the court can be said to have exceeded the discretion lodged in it with respect to proceedings at the trial, no ground for reversal is presented, unless injustice is shown to have resulted from the action of the court; and it does not appear that the plaintiff was in any way prejudiced or injured by the error complained of. Bank v. Shakman, 30 Wis. 333.

The specifications of error from 2 to 18, inclusive, are referred to in the brief as a whole, and not separately and particularly, as required by the rule of this court. In what is said of these rulings no argument is offered tending to show that under the issue any of the rulings of the court was erroneous. Although not required to do so, we have examined these several rulings, and are of the opinion that no prejudicial error was committed by the court in its rulings on the questions objected to, and to which the objections were sustained.

Did the court err in refusing to instruct the jury to return a verdict for the plaintiff? The instruction to find a verdict for the plaintiff must be tested by the same rules that apply in case of a demurrer to the evidence. Merrick's Ex'r v. Giddings, 115 U. S. 300, 6 Sup. Ct. 65, 29 L. Ed. 403. In deciding the questions presented by such a demurrer the court must consider not only all the facts which the evidence tends to establish, but all such fair and reasonable inferences of fact as the jury, if trying the case, might have lawfully drawn from the evidence. The evidence in this case tended to prove that the plaintiff wrongfully deprived the defendant of the possession and enjoyment of 185 feet of bulkhead space and of 47¾ square feet of window light surface which the plaintiff had leased to the defendant. The lease itself distinctly shows that the bulkhead windows were demised to the defendant. If both parties to the lease had not understood and agreed that these windows constituted an integral part of the demised premises, the reservation by the plaintiff of the right to lower the ground or first floor show windows to within 18 inches above the sidewalk level would become insensible and meaningless. When the plaintiff lowered the show windows, it permanently took away from the defendant and deprived it of 185 feet of bulkhead space and 47¾ square feet of window light surface to which it was entitled. The eviction or ouster, therefore, was actual, and not constructive, for it took from the defendant a part of the very thing demised. The defendant had the right to the undisturbed possession and enjoyment of the 185 feet of bulkhead space, and of the 47¾ square feet of window light surface which the plaintiff wrongfully took from it. The contention of the plaintiff that the eviction or ouster was constructive, and not actual, is shown to be incorrect by the undisputed evidence. It is further contended by the plaintiff that the bulkhead space and the window light surface do not constitute a substantial part of the basement. It is universally agreed by the authorities that the wrongful

eviction or ouster of the tenant by the landlord from an appreciable, material, or substantial part of the demised premises suspends the rent reserved under the lease, and will defeat the landlord's right to recover the same. The main reason which is given for the decisions is that the enjoyment of the whole consideration is the foundation of the debt and the condition of the covenant, and that the obligation to pay cannot be apportioned. To permit an apportionment of the rent would be to allow the landlord to take advantage of his own wrong. The plaintiff was not entitled to recover if the bulkhead and window light spaces constituted a material or substantial part of the premises. As was said in Smith v. McEnany, 170 Mass. 26, 28, 48 N. E. 781, 64 Am. St. Rep. 274:

"It follows from the nature of the reasons for the decisions which we have stated that, when the tenant proves a wrongful deforcement by the landlord from an appreciable part of the premises, no inquiry is open as to the greater or less importance of the parcel from which the tenant is deforced."

Whether the bulkhead and window light spaces constituted an appreciable, material, or substantial part of the basement was a question of fact, and not of, law, and it would have been error to have withdrawn that question from the jury by a binding instruction. It would have been a palpable invasion of the province of the jury for the court to have ruled, as it was, in effect, asked to do, that the wrongful taking by the landlord from the tenant of the bulkhead and window light spaces did not constitute an appreciable, material, or substantial part of the basement. They not only constituted an appreciable part of the demised premises, but the jury had the right under the evidence to find that they constituted a very important and substantial part of them.

The judgment is affirmed.