JOHN NOBLE, receiver, *vs.* ARTHUR G. BROOKS.

Suffolk.   March 29, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Landlord and Tenant.   Mortgage,* Of real estate.   *Receiver.   Assignment.   Practice, Civil,* Amendment.   *Supreme Judicial Court.*

The term of a lease in writing of an apartment in a building was described as follows: "One year from the first day of September one thousand nine hundred and thirteen, . . . and thereafter from year to year until one of the parties hereto shall, on or before the first day of July in any year, give to the other party written notice of his or her intention to terminate this lease on the last day of the following August, in which case the term hereby created shall terminate in accordance with such notice." *Held,* that the lease could be terminated only by a notice given in accordance with its terms or by operation of law.

A mortgage, in the usual form, of real estate which is subject to a lease operates as an assignment of the lease.

Where the mortgagee of real estate which is subject to a lease enters and takes possession of the property for a breach of condition and gives notice to the lessee, he is entitled to all rent thereafter accruing and the lease remains in full force and effect until terminated in accordance with its terms or by operation of law.

Where a receiver is appointed to take possession of real estate that is subject to a lease, and a mortgagee of the property, who previously on a breach of condition had taken possession of it subject to the lease, surrenders the property to the receiver, this does not operate as an assignment of the lease to the receiver, and in suing on a covenant of the lease for accrued rent the receiver must sue in the name of the lessor.

Where an action on a covenant in a lease to pay rent was brought by a receiver in his name as receiver, and it was held that the defendant was liable on the covenant to the lessor whose property was in the hands of the receiver but it was plain that the receiver was not an assignee of the lease, this court under St. 1913, c. 716, § 3, gave the plaintiff leave to amend by substituting the name of the lessor as plaintiff and ordered that, upon the filing of the amendment, a finding for the plaintiff should be affirmed.

CONTRACT with two counts, the first upon a covenant in a lease in writing for rent of suite 16 in the Whittier Building in Cambridge due on the first days of April and May, 1915, with interest thereon,

and the second count for use and occupation of the same premises for the month of April, 1915, and until May 20, 1915, according to an account annexed, claiming $47.50 damages and eighty-five cents for interest to the date of the writ. Writ in the Municipal Court of the City of Boston dated July 26, 1915.

The case was presented to a judge of the Municipal Court of the City of Boston upon an agreed statement of facts, the substance of which was as follows:

The lease above mentioned was made and dated on August 1, 1913, between the defendant and the trustee of the Associated Trust. The description of the term of the lease is quoted in the opinion.

The defendant entered under the lease and paid rent thereunder at the rate of $28.50 a month in advance to the trustee of the Associated Trust, to and including June 30, 1914. On December 1, 1913, the trustee of the Associated Trust gave to the Cambridge Realty Company a mortgage of the Whittier apartments in which the suite was. The mortgage was in the usual form of real estate mortgages and contained the provision that "until default in the performance or observance of the condition of this deed, I and my heirs and assigns may hold and enjoy the granted premises and receive the rents and profits thereof." On or about June 24, 1914, the Cambridge Realty Company as mortgagee entered upon the Whittier apartments and took possession thereof for breach of the conditions in the mortgage, and on the same day the defendant received a notice from the Cambridge Realty Company that thereafter "your rent will be payable to us, at the same rate which you are now paying."

On July 1, 1914, the defendant received from the Associated Trust the following notice: "We hereby authorize you to pay all rent due beginning July 1st to the Cambridge Realty Company, in accordance with a transaction which we have with them, which is only temporary."

After the receipt of these notices, the defendant paid $28.50 a month in advance for occupation of suite 16, to the Cambridge Realty Company, for the months of July, August, September, October, November and December, 1914.

On August 27, 1914, the plaintiff in this action was appointed receiver of the Associated Trust by decree of the District

Court of the United States for the District of Massachusetts, directing him as receiver among other things to take possession of all properties of the Associated Trust and to collect the income thereof, and ordering all persons owing money to the Associated Trust to pay it to the receiver.

The Cambridge Realty Company surrendered possession of the Whittier Apartments to the receiver as of January 1, 1915, and some time in December, 1914, the superintendent of the Whittier Apartments notified the defendant orally that the Cambridge Realty Company had surrendered possession of the estate to the receiver and that he should pay the receiver thereafter for the occupation of the premises.

Thereafter the defendant paid to the plaintiff $28.50 a month on the first day of each month from January 1, 1915, to March 1, 1915, for suite 16 for the months of January, February and March.

On February 26, 1915, the defendant delivered to the plaintiff as receiver a letter or notice as follows: "You are hereby notified that I shall on the 31st day of March next quit and deliver up the premises now occupied by me as your tenant, namely Suite 16 in the Whittier Apartments, 885 Massachusetts Avenue, Cambridge, Mass."

The plaintiff on February 27, 1915, replied to the foregoing letter or notice as follows: "I cannot accept this notice. Your tenancy is under a lease which does not terminate until August 31, 1915. I shall be obliged to hold you responsible for the rent until that date."

On March 11, 1915, the defendant vacated suite 16 and moved to another building.

On May 20, 1915, the trustees of the Associated Trust, acting under permission given by the District Court, conveyed the estate 885 Massachusetts Avenue, "subject to said mortgage and to all existing leases upon said premises," to the Whittier Realty Company, a Massachusetts corporation.

The defendant before the arguments asked the judge to make the following rulings:

"1. Upon all the evidence in the case as a matter of law the plaintiff cannot recover.

"2. The Cambridge Realty Company after taking possession

as mortgagee on July 1, 1914, was entitled to rent from the defendant by privity of estate only, and not by privity of contract.

" 3. The Cambridge Realty Company was not an assignee of the lease.

" 4. The Associated Trust in assenting to payments by the defendant to the Cambridge Realty Company as mortgagee by letter dated July 1, 1914, in effect gave notice to the defendant that the contract of lease was at an end."

The judge refused to make the first and fourth rulings requested, but made the second and third.

The judge found for the plaintiff in the sum of $59, and at the request of the defendant reported the case to the Appellate Division.

The Appellate Division made an order that the report be dismissed; and the defendant appealed.

*W. R. Bigelow*, for the defendant.

*S. Vaughan*, (*J. Noble* with him,) for the plaintiff.

BRALEY, J. The lease having described the term as "One year from the first day of September one thousand nine hundred and thirteen to August 31st, one thousand nine hundred and fourteen and thereafter from year to year until one of the parties hereto shall, on or before the first day of July in any year, give to the other party written notice of his or her intention to terminate this lease on the last day of the following August, in which case the term hereby created shall terminate in accordance with such notice," it could not be ended by either the lessor or the lessee except in accordance with these provisions or by operation of law.

The subsequent mortgage of the leased premises undoubtedly operated as an assignment of the lease. *Burden* v. *Thayer*, 3 Met. 76. *Russell* v. *Allen*, 2 Allen, 42, 43. And the mortgagee, having entered and having given notice to the tenant, thereafter was entitled to all accruing rent. *Mirick* v. *Hoppin*, 118 Mass. 582, 587. *Adams* v. *Bigelow*, 128 Mass. 365, 366. But, as the mortgagee never terminated the lease, it remained in full force and effect at the time possession of the premises was surrendered to the plaintiff as receiver of the lessor. The defendant having continued in occupation and there being no evidence that the required notice has been given, the fourth request was refused properly.

The first request, that upon all the evidence the plaintiff as

matter of law cannot recover, is also disposed of by what has been said, except as to the defendant's contention that the action cannot be maintained by the receiver in his own name.

It is plain that he is not an assignee of the lease and the action should have been brought in the name of the lessor. *Wilson* v. *Welch,* 157 Mass. 77, 80, 81.

The merits having however been fully determined, the plaintiff is given leave to amend; and upon the filing of the amendment the order dismissing the report is affirmed. St. 1913, c. 716, § 3.

*So ordered.*