WILLIAM GORIN *vs.* BERNARD STROUM.

Suffolk. June 25, 1934. — September 14, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant*, Assignment of lease, Liability for rent. *Mortgage*, Of real estate. *Pleading, Civil*, Answer.

A corporation, in possession of land as assignee of a lease which was prior to a mortgage of the land, gave a note secured by an unsealed assignment of the lease and other collateral. The payee was elected an officer of the corporation, and thereafter for several months until a December 28 he countersigned all its checks and had his daughter in its office "to look after his interests." On December 23 he foreclosed upon the collateral and purchased it, and on December 28

sold his interest in the lease to one who then commenced to occupy the leased premises. The mortgagee took possession of the premises for breach of condition on December 27, notified the purchaser of the lease to pay to him the rent for December, which was due December 31, and received payment thereof from the purchaser. At the hearing by a judge without a jury of an action for the December rent by the owner of the leased premises against the one to whom the lease had been assigned as collateral, the judge found that the defendant never had been in possession of the leased premises. *Held,* that

(1) The evidence did not as a matter of law require a finding that the defendant had been in constructive possession of the leased premises from the time of the assignment of the lease to him until December 28; the finding by the judge, that the defendant never had been in possession of the leased premises, was conclusive;

(2) G. L. (Ter. Ed.) c. 186, § 8, pertaining to apportionment of rent, was not applicable;

(3) The mortgage, although subject to the lease, constituted an assignment of the owner's interest in the lease;

(4) In the circumstances, the mortgagee was entitled to the rent falling due on December 31;

(5) The plaintiff could not recover.

In the action above described, the defence, that the rent in question was not apportionable, was not one which the defendant was required to plead in his answer in order to rely upon it.

CONTRACT. Writ dated January 12, 1933.

The action was heard in the Superior Court by *Greenhalge,* J., without a jury. Material evidence, and rulings requested by the plaintiff and refused, are described in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. I. Morrison, T. Morrison & M. S. Glaser,* for the plaintiff.

*J. H. Samuel,* for the defendant.

PIERCE, J. This is an action of contract to recover rent for the month of December, 1932, brought by the assignee of the lessor against an assignee of the lessee. The action was heard by a judge of the Superior Court, who refused to give rulings requested by the plaintiff and found for the defendant. The case is before this court on exceptions duly saved by the plaintiff to the judge's refusal to instruct himself as requested.

The facts in all material respects are undisputed, and

are in substance as follows: In 1916, one Simon Goldsmith, owner of a building on Washington Street in the Roxbury district of Boston, executed a lease of said premises to one George C. Dutton for a term of twenty years. On November 23, 1916, this lease was assigned by said Dutton to Dutton's Roxbury Store Corporation. On June 20, 1923, said lessor, Simon Goldsmith, conveyed the above described premises subject to the lease and assigned the lease to one Ruth Heller. Concurrently a mortgage, subject to the lease, was placed with and given to the Home Savings Bank. On the same date Simon Goldsmith took back as security for the payment of part of the purchase money, subject to the lease and to the mortgage to the Home Savings Bank, a second mortgage on each of three parts of the property, which counsel have agreed for the purposes of the case are to be treated as a single parcel. On January 16, 1931, the said premises were acquired by the plaintiff, William Gorin, by deed from Heller, and the lease was assigned to Gorin subject to the first and second mortgages.

On June 1, 1932, Bernard Stroum, the defendant, made a loan to Dutton's Roxbury Store Corporation which matured on October 24, 1932. In consideration of this loan and as security for the same the corporation gave Stroum a collateral note, an assignment of all the capital stock and an alleged assignment of said lease, which reads: "For valuable consideration and as security for a loan to it by Bernard Stroum, the Dutton's Roxbury Store Corporation hereby assigns and transfers to the said Stroum its interest in a lease of the premises numbered 2201–2205 Washington Street, Roxbury, running from Simon Goldsmith to George C. Dutton, dated September 19, 1916 and being recorded with Suffolk Deeds, Book 3996, page 293. Dutton's Roxbury Store Corporation By (signed) Theodore H. Best, Treasurer." On the same day, June 1, 1932, the defendant was elected assistant treasurer of the Dutton's Roxbury Store Corporation, and from then until December 28, 1932, countersigned all checks of said corporation and placed his daughter in the office of the corporation "to look after his interests." She remained there until

the corporation was forced out of business about December 28, 1932. The defendant foreclosed upon the securities held by him under the collateral note on December 23, 1932, and bought in the collateral described in the note. On December 28, 1932, he sold his rights under the lease for $1,500, the instrument of transfer reading: "I hereby transfer, set over, and deliver to Louis Barron, Arthur Craft, and Ezra Gabovitch, who intend to form a corporation, all my right, title, and interest in and to a certain lease from Simon Goldsmith to George C. Dutton, dated September 19, 1916 and assigned by George C. Dutton's Roxbury Store Corporation, said assignment being dated November 23, 1916, and pledged to me as collateral security on June 1, 1932, the loan made by me to said Dutton's Roxbury Store Corporation, and which collateral was foreclosed by me on December 23, 1932, without recourse to me in any event whatsoever. I further represent that since said foreclosure of said collateral I have not divested myself of any rights. (Signed)    Bernard Stroum."

The record shows that Barron, Craft and Gabovitch had purchased the stock of merchandise of the corporation on December 28, 1932, and had started to occupy the premises; that they had heard that the rent was due for the month of December, 1932, on the last day of that month; and that they had received a letter from the holder of the second mortgage which, omitting caption and signature, reads: "This is to notify you that on December 27, 1932, the undersigned, being the present holders of three certain mortgages, each dated June 20th, 1923, and recorded with Suffolk Deeds, given by Ruth R. Heller to Simon Goldsmith, have taken possession of the premises described in said mortgages for breach of conditions thereof. All rents payable or accruing for occupancy of the said premises, or any portion thereof, or under any existing lease, shall be paid from now on to the undersigned at their office, 28 Ruggles Street, Roxbury, Mass."

It is not disputed that the holder of the second mortgage took possession of the premises described in the mortgage for breach of condition thereof on December 27, 1932, nor

that on December 31, 1932, Barron and his associates paid by check the full December rent to the second mortgagee in possession of the premises.

At the trial "it was admitted by the defendant, that . . . the plaintiff . . . was the owner of the property in question during the month of December, 1932, except in so far as his interest as owner was terminated by the filing of an evidence of possession and the foreclosure of said property by the holder of the second mortgage on said property. It was further admitted that the lease upon which the plaintiff bases his claim was dated September 19, 1916, and that the mortgage that was foreclosed was dated June 20, 1923; that William Gorin, the plaintiff herein was not paid the rent for the month of December, 1932, or any part thereof and that the rent reserved under the lease was $1,666.67 a month, payable on the last day of the month."

At the conclusion of the evidence the plaintiff presented twelve numbered requests for rulings. The judge allowed those numbered 4, 5 and 11, but disallowed requests numbered 1, 2, 3, 6, 7, 8, 9, 10 and 12. The plaintiff, without waiving any of the aforesaid requests, treats in his brief only of requests numbered 6, 8 and 9.

Before discussion of the issues presented by the plaintiff it is to be noted that a lease may be pledged and that the pledge may be foreclosed by a sale of the lease, and that the purchaser in such a case becomes an assignee of the lease and term, and takes subject to the obligation to pay rent. *Freedman* v. *Bloomberg*, 225 Mass. 491. *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129, 132. *J. H. Gerlach Co. Inc.* v. *Noyes*, 251 Mass. 558, 568.

The issues as posited by the plaintiff are (1) whether or not the defendant, as assignee of the lease by an assignment in writing, is liable to the plaintiff as owner or as assignee of the lease upon the covenants of the lease to pay rent; and (2) whether the plaintiff as lessor is entitled to the rent for the month of December or for twenty-seven days of the month of December or twenty-eight days of the month of December from the defendant (the assignee

of the lease) if the contention of the defendant, that the second mortgagee entered on the twenty-seventh day of December, 1932, and thereafter foreclosed said mortgage, should be found as a fact.

It is settled that an assignee of a lease, holding by deed, is liable by privity of estate for the performance of the terms of the lease so long as the privity exists without possession, but that an assignee who holds by an assignment without a deed, as of a chattel interest only, is not liable without some act of entry or change of actual possession. *Sanders* v. *Partridge*, 108 Mass. 556, 560. It is also settled that an assignee holding under a deed of assignment or entering and holding actual possession can be relieved by an assignment to another of obligations arising therefrom and may do this without the consent of the lessor or of a person holding the reversion, but he cannot free himself from liability which attached while he was privy in estate or in actual possession of the leased premises. *Kirby* v. *Goldman*, 270 Mass. 444. *Kacavas* v. *Toothacker*, 278 Mass. 302. The circumstance, that an assignment of a lease by deed is taken as collateral security for an obligation of the lessee, makes no difference in the application of the governing principle. *Kirby* v. *Goldman*, 270 Mass. 444, 447. It is well settled, as contended by the plaintiff, that the rights of a tenant in possession of real estate, under a lease given prior to the execution of a mortgage on the same premises, are not extinguished by a foreclosure of the mortgage, and that the purchaser at a foreclosure sale acquires no greater interest than the mortgagor had, and with the sale becomes the landlord of the lessee. It follows as a corollary that, if the lessor before the foreclosure was entitled to receive the rents and profits accrued under the lease after the foreclosure, the one who acquired thereunder the reversion in the estate by the foreclosure is likewise entitled to receive them.

We now consider in their order requests numbered 6, 8 and 9, which were denied and are here on the exceptions of the plaintiff. Request numbered 6 reads: "That where the defendant herein granted a loan to Dutton's Roxbury Store

Corporation on June 1, 1932, and in consideration thereof and as security for said loan on said date, had acquired by assignment all of the capital stock of the said company and countersigned all checks on its bank account, and an assignment of the lease to the building occupied by it, and placed his daughter in the office of its business covering the period of time from June 1, 1932, to December 28, 1932, that such acts as a matter of law, constitute a taking of possession of the premises covered by the said assigned lease." This request is presented to meet the undisputed evidence that the assignment of the corporation to the defendant was not under seal and to establish as matter of law that the defendant after the assignment on June 1, 1932, had actual possession of the leased premises until December 27 or 28, 1932. We think that the finding of the judge, that "The lease was not delivered to the defendant, who was never in possession of the premises and never paid any rent under the lease," is conclusive on the evidence against the plaintiff, and he has reported no facts which required a ruling that the defendant had constructive possession.

Request numbered 8 reads as follows: "The defendant cannot, as matter of law, defend on the ground that the rent is not apportionable where such a defence is not specially pleaded in the defendant's answer." This is not a defence to be pleaded in the answer. Prior to St. 1869, c. 368, a lessee whose tenancy was determined before the day on which the rent was due was not liable for any portion of the rent due on that day nor was he liable for the use and occupation for the time of his occupation subsequent to the next rent day. *Earle* v. *Kingsbury*, 3 Cush. 206. *Nicholson* v. *Munigle*, 6 Allen, 215. The provision of St. 1869, c. 368, appears in G. L. (Ter. Ed.) c. 186, § 8. This section refers to apportionment of rent and reads: "If land is held by lease of a person having an estate therein determinable on a life or on a contingency, and such estate determines before the end of a period for which rent is payable . . . the landlord . . . may recover in contract, a proportional part of such rent according to the portion of the last period

for which such rent was accruing which had expired at such determination." In *Adams* v. *Bigelow*, 128 Mass. 365, it was held that the words "or on any contingency" did not apply where the owner of land subject to a mortgage leased it and after the mortgagee entered to foreclose demanded the rent and the tenant soon after paid the rent to him. It is plain that G. L. (Ter. Ed.) c. 186, § 8, is not applicable to the instant case. The second mortgage of the leased premises, though made subject to said lease and first mortgage, undoubtedly created an assignment in mortgage of the lease. *Burden* v. *Thayer*, 3 Met. 76. *Noble* v. *Brooks*, 224 Mass. 288, 291. In the instant case the second mortgagee had entered to foreclose, had given notice to the lessee to pay the rent to him, and the lessee had attorned before the due day of the rent reserved. It also appears by the uncontradicted evidence that the lessee in possession paid the rent in full to the mortgagee in possession for foreclosure on the day the rent was due. In the circumstances here present it is plain that the mortgagee had the right to the rents and profits and the defendant was not liable to the reversioner. *Wilder* v. *Houghton*, 1 Pick. 87. *Mirick* v. *Hoppin*, 118 Mass. 582, 587. *Winnisimmet Trust, Inc.* v. *Libby*, 247 Mass. 560, 563.

Request numbered 9 reads as follows: "The defendant as assignee of the lease in question by an assignment in writing cannot, as matter of law, defend on the ground that the rent sought to be recovered is not apportionable inasmuch as his liability on the covenants of the lease is predicated on the assignment and exist until reassignment of the lease and the question of apportionment is inapplicable." The law applicable to this request is discussed in the consideration of request numbered 8, and need not be further considered.

The remaining requests for rulings denied by the judge and not waived by the plaintiff are not considered because not argued. *Commonwealth* v. *Dyer*, 243 Mass. 472, 508.

*Exceptions overruled.*