*Northern District*

No. 4958

*District Court of Southern Essex*

No. 2139 of 1955

**RODERICK WHITE**

**v.**

**ROBERT E. PLUMMER**

(June 18, 1956)

*Gadsby, P. J.* This is an action of contract to recover $297.50 as the balance due for summer rental of a furnished apartment for June, July, August, and until September 15th, 1955. The answer is general denial, payment and eviction.

*At the trial before Cherry, Sp. J. there was evidence tending to show that*:

The defendant orally hired an apartment from the plaintiff for a period beginning June 1, 1955 and ending on September 15, 1955 at a rental of $402.50; the rent was to be paid at $115.00 per month to be deposited in a bank to the plaintiff's account; and in accordance with the agreement the defendant paid to the plaintiff the sum of $115.00 on May 27th, 1955.

The plaintiff was to furnish for the premises, at his expense, all utilities except the telephone.

On June 29, 1955, the defendant sent a cablegram to the plaintiff, who was then in Europe, as follows: "Necessary to move June 30, letter follows," signed, "Robert Plummer."

The defendant moved out of the premises June 30, 1955.

On the receipt of the cablegram on June 30, 1955, the plaintiff wrote a neighbor requesting her to get the keys to the premises from the defendant, shut off the utilities and lock up the apartment to protect the plaintiff's property therein.

On or about July 8th, 1955 the defendant's wife,

as his agent, returned to the apartment to clean it and found all the utilities, the water, gas, and electricity, turned off.

On or about July 14th, 1955 the said neighbor requested of and received from the defendant the keys to the premises.

The keys were never returned to the defendant.

The defendant made the following requests for rulings, which with the court's action thereon were as follows:

1. On all the evidence, the plaintiff is not entitled to a finding. *Denied.*

2. As there was no written instrument, the defendant was a tenant at will. G. L. c. 183, §3. *Allowed.*

3. If there was a parol agreement for an agreed term, it can have no greater force than a tenancy at will and either party may terminate it at will in the mode prescribed by law. *Elliott v. Stone,* 11 Gray 571, 574. *Allowed.*

4. As the rent was payable by the month, the time of the notice of the defendant's intention to quit is sufficient if it was equal to the interval between the days of payment. G. L. c. 186, §12. *Allowed, but notice was insufficient.*

5. The cable sent to the plaintiff by the defendant was a notice in writing of the defendant's intention to quit. *Allowed, but I find that although the cablegram was in writing, it was legally insufficient to terminate the tenancy.*

6. The cable sent the plaintiff by the defendant was a sufficient notice to terminate the tenancy. *Denied.*

7. The act of the plaintiff, his agent or servant, of entering the premises and shutting off the utilities constituted an acknowledgment of the termination of the tenancy and an acceptance of the premises by the plaintiff. *Denied, See finding of facts.*

8. The act of the plaintiff, or his agent in permitting the plaintiff's parents to use and occupy the premises constituted an eviction of the defendant by the plaintiff.

*Denied, because I do not find, and there was no evidence, that the plaintiff's parents ever used or occupied "the premises" or were permitted to use or occupy "the premises."*

9. The act of the plaintiff or his agent in permitting the plaintiff's parents to use and occupy the premises constituted an acceptance of the premises by the plaintiff and an acknowledgment of the termination of the tenancy. *Denied, for the same reason stated in Ruling No. 8.*

10. The rent cannot be apportioned. *Allowed.*

11. The plaintiff by his acts of shutting off the utilities and permitting his parents to use and occupy the premises waived any defects that might be in the defendant's notice. *Denied, for the same reason stated in Ruling No. 8.*

12. As the plaintiff under the terms of the parol agreement was to furnish all utilities to the premises except the telephone service, shutting off the said utilities by the plaintiff constituted an eviction. *Denied, see finding of facts. I also find the defendant abandoned "the premises".*

13. As the defendant was evicted from the premises between rent days, the defendant is not liable for rent for any time subsequent to the next preceding rent day. *Smith v. McEnany,* 170 Mass. 26. *Denied, because I find that the defendant was not evicted either actually or constructively; rather do I find that the defendant abandoned "the premises."*

The Court made a finding of facts, in part, as follows:

"I find that the arrangement between the parties constituted a tenancy at will from month to month; that the cablegram was legally insufficient to terminate the tenancy.

I find for the plaintiff in the sum of $287.50."

Clearly the notice given by the defendant was not a sufficient notice to terminate the tenancy. Under the provisions of G. L. c. 186, §18, the time of such notice shall be sufficient if it is equal to the interval between the days of payment.

As was said in *Connors v. Wick,* 317 Mass. 628 at

630, "This statute (refering to G. L. c. 186, §12) has been construed as requiring that the notice must be given at least a rent period prior to the time stated therein for the termination of the tenancy and that the time specified in the notice for the termination must be a rent day."

The plaintiff is between Scylla and Charybdis. If on the one hand he takes possession of the keys to protect the property, then he is charged with having evicted the tenant. On the other hand, if he does not take such action, the danger exists that the furniture on the premises may be stolen. This is not a situation where the plaintiff is on the scene where he himself could protect the property but is in Europe. His conduct was reasonable under the circumstances, and, as the Court found, did not constitute an eviction. As a matter of fact, when the plaintiff had the place locked up, the defendant still had his own keys to the premises. Later a neighbor obtained the keys from the defendant. There was no evidence of any authority on the part of the neighbor to accept the keys as a surrender of the premises.

The trial judge found that the defendant had abandoned the premises and the action of the neighbor in taking the keys which the defendant had did not constitute an acceptance of the termination of the tenancy. Practically all the evidence in this case was oral testimony. The judge did not have to believe all or any part of the testimony given by the defendant or any other witness. *Perry v. Hanover*, 314 Mass. 167, 170.

All permissible inferences to be drawn therefrom were questions of fact to be determined by the judge. *Memishian v. Phipps*, 311 Mass. 521, 522.

The request number 1 of the defendant was properly denied since it should have had specifications under Rule 27. *Gibbons v. Denoncourt*, 297 Mass. 448.

The other requests were properly denied since they either called for findings of fact which the judge

was not required to make or else were rendered immaterial by the special findings of fact. *Bresnick v. Heath*, 292 Mass. 293.

As was said in *Pacheco v. Medeiros*, 292 Mass. 416, 419, "The general and special findings . . . are to stand if warranted upon any possible view of the evidence and not vitiated by error of law. And the general finding imports findings of fact, so far as warranted by the evidence, not inconsistent with the special findings."

Therefore no prejudicial error having been committed by the trial judge, the report is ordered dismissed.

David Dretler, for the plaintiff.

Earle H. Smith, for the defendant.