JULIAN HOLMES *vs.* TURNER'S FALLS COMPANY & another.

Franklin. Sept. 29. — Oct. 23, 1886. DEVENS & W. ALLEN, JJ., absent.

A conveyance of land made by a mortgagee, which declares that it is made by virtue and in execution of the power contained in the mortgage, and of every other power him thereto enabling, operates as an assignment of the mortgage, even if the fee is not conveyed by reason of a defect in the execution of the power of sale; and, after an entry has been made for breach of the condition of the mortgage, the assignee may maintain a writ of entry against a person in possession who shows no title to the land.

If a deed describes the boundary line of a parcel of land as beginning at a certain point, and thence running across a road, and thence by the side of the road, title to the centre of the road does not pass, unless a contrary intent appears.

If a ruling requested is properly refused, and the judge gives a ruling on the same subject matter which is erroneous, and the party requesting the ruling excepts both to the refusal to rule as requested and to the ruling given, he is not precluded from availing himself of the latter exception.

If an owner of land, after conveying it in mortgage, leases it, and the mortgagee, after an entry for breach of condition of the mortgage, brings a writ of entry against the lessee to recover possession of the land, to which the lessee files a plea of *nul disseisin,* the lessee is not estopped by the lease to contest the demandant's title, if he has not attorned to him, or been compelled to pay rent to him.

WRIT OF ENTRY, dated March 3, 1883, against the Turner's Falls Company and the Turner's Falls Lumber Company, to recover a strip of land at Turner's Falls. Plea, *nul disseisin,* with certain specifications of defence, which need not now be stated.

At the trial in the Superior Court, before *Thompson,* J., the jury returned a verdict for the demandant for a portion of the premises described in the writ; and the tenants alleged exceptions, which appear in the opinion.

*G. M. Stearns & A. De Wolf,* for the tenants.

*F. G. Fessenden,* for the demandant.

FIELD, J. It is difficult to deal with the exceptions in this case, because they are in parts obscure, and it is impossible to apply all the deeds put in evidence to the land.

The "demandant had no other title excepting such as he acquired by the sale under the mortgage." The tenants asked the court to rule that this sale "was invalid and the deed under it invalid." The court ruled that "the sale was a good sale and the deed valid." This mortgage was given by Nathaniel Holmes

and David A. Wood to Timothy M. Stoughton, on April 10, 1869. Stoughton released two tracts of land from the mortgage, and afterwards, on May 22, 1877, assigned the mortgage, with others, to Peleg Adams. The tracts released apparently did not include any part of the land demanded. The assignment of the mortgage was made as "collateral security." On February 28, 1882, Adams duly made entry upon the land for breach of the conditions of the mortgage, and duly made and recorded a certificate of such entry; and having, pursuant to the power of sale contained in the mortgage, advertised the premises for sale, excepting the two tracts which had been released, he on said February 28, 1882, after he had made entry, sold the premises advertised in parcels, selling the last parcel to the demandant, and giving him a deed, in which he described himself as acting "by virtue and in execution of the power contained in said mortgage deed as aforesaid, and of every other power me hereto enabling."

The tenants contend that this sale was invalid, because, as they say, Adams held the note and mortgage "as collateral security," and Stoughton still had an interest in it, and Adams alone could not execute the power; and because the sale, and the deed given in pursuance of the sale, included the whole of an old road, while the mortgage only conveyed the land to the central line of the road.

It is immaterial, we think, whether this sale was good or not. If it was not a good sale, the deed of Adams to the demandant operated as an assignment to the demandant of the mortgage, under which an entry upon the land had been made, and such a mortgage title would support the action against these tenants, who show no title. *Haven* v. *Adams*, 4 Allen, 80, 93. *Brown* v. *Smith*, 116 Mass. 108.

The tenants also contend that the location of a road laid out in 1764 was such that, if the demandant was restricted to the easterly side of said road, and did not acquire title to any part of said road westerly of the easterly and northerly side, none of the premises occupied by the tenants and described in the demandant's writ would be included or touched; and they asked the court to rule that "no part of the road, along the line described as aforesaid, passed by the Smalley deed, and that the

premises, conveyed by said deed on said line, extended only to the easterly and northerly side of the road." The court ruled that "the deed conveyed to the centre of the road, and passed, by the intermediate conveyances, title to the said centre to the demandant, provided Smalley owned to the centre of the road."

This Smalley deed is a deed of quitclaim of William Smalley to Reuben Shattuck, dated February 24, 1795, and the premises are described as "beginning on Connecticut River at the head of the falls, at the southwest corner of the lot No. 47 recorded to Stephen Williams, thence running east forty-five degrees north across the road leading to Pendell's Ferry, thence by said road on the easterly and northerly side thereof to Fall River by the bridge, thence," etc. If this deed conveyed the land to the centre line of the road, it may be conceded that the subsequent deeds conveyed to this centre line.

We think that the ruling of the court upon the construction of this deed was wrong. When a line runs across a road, and then runs "by the said road on the easterly and northerly side thereof," the boundary is the easterly and northerly side of the road unless a contrary intent appears on the face of the deed, and we can find nothing in the deed which shows any intention to convey to the centre line of the road. The words are express, that the boundary is not on the road, but on the easterly and northerly side of it. *Sibley* v. *Holden*, 10 Pick. 249. *Phillips* v. *Bowers*, 7 Gray, 21, 25. *Smith* v. *Slocomb*, 9 Gray, 36. *Brainard* v. *Boston & New York Central Railroad*, 12 Gray, 407, 410. *Boston* v. *Richardson*, 13 Allen, 146. *Peck* v. *Denniston*, 121 Mass. 17.

The demandant contends that this request asked the court to rule, as matter of law, that the road laid out in 1764 was the road mentioned in the Smalley deed, and that this was a fact in controversy; but the exception is to the ruling, as well as to the refusal to rule, and the ruling is erroneous, whether it be held to imply that the road mentioned in the deed is the road as laid out in 1764, or not.

The demandant also contends that this ruling became immaterial by reason of the verdict. The jury found for the demandant as to that portion of the demanded premises which lies easterly of the brown line marked by the jury on a plan, which

brown line the verdict states "is the centre line of the old road, and is the westerly boundary line of the demandant's land." The demandant contends that the old road mentioned in the verdict is not the road as laid out in 1764, but the road actually travelled, when Timothy M. Stoughton conveyed the premises to Nathaniel Holmes and David A. Wood, by deed dated April 10, 1869, and that the centre line of this road was easterly of the easterly side of the road as laid out in 1764.

It is not distinctly stated whether the tenants admitted or denied that there was a road actually travelled from 1805 to 1870, which lay easterly of the road as laid out in 1764. If there were such a road, and this is the road mentioned in the verdict, and if the centre line of it lay easterly of the easterly side of the road as laid out in 1764, and the road as thus laid out was the road referred to in Smalley's deed, then it is immaterial whether this deed conveyed to the centre line of this road, or only to the easterly and northerly side of it. It was a question of fact, however, whether there was such a road easterly of the location of 1764, and also a question of fact where on the ground the road of 1764 was located, and whether this location included the demanded premises, or any part of them; and we cannot see that the tenants conceded that the contention made by the demandant in these respects was true, or that it necessarily follows from any conceded facts that this contention was true, and therefore we cannot say that the ruling of the court which we have held to be erroneous was rendered immaterial by the verdict. There is no suggestion in the exceptions, that the court considered that it was or had become immaterial.

The exceptions state that "the case was tried on the plea of nul disseisin alone." This put in issue the title of the demandant. The demandant put in evidence a lease from Holmes and Wood, duly recorded, and dated May 11, 1872, whereby a tract of land was demised by them to the Turner's Falls Lumber Company, one of the tenants in this action, for a term of twenty years from October 3, 1867, and he contended "that the premises described in said lease were the same sought to be recovered in this action." "The court, upon the request of the demandant, ruled, as matter of law, that the tenant, the Turner's Falls Lumber Company, could not dispute the title of the landlord in

this action to so much of the demanded premises as was included in said lease, while occupying the same under said lease, and that, in order to enable the lessee to dispute the landlord's title to the premises included in said lease, the tenant must either surrender said lease, or disclaim to hold under it, or show that it was induced to enter into it through fraud or mistake."

The demandant's chain of title was as follows: Two deeds of William Smalley to Reuben Shattuck, both dated February 4, 1795. The title conveyed by these deeds passed by mesne conveyances to Timothy M. Stoughton, on or before June 15, 1839. Stoughton conveyed the premises to Holmes and Wood by deed dated April 10, 1869, and on the same day Holmes and Wood conveyed the same premises in mortgage to Stoughton, who, on March 22, 1877, assigned the mortgage to Peleg Adams, and Adams, on March 18, 1882, sold the same, under a power contained in the mortgage, to the demandant, and on April 1, 1882, delivered a deed to him. Holmes and Wood executed the lease to the Turner's Falls Lumber Company on May 11, 1872. At this time Holmes and Wood were mortgagors, and Stoughton was mortgagee, and the demandant has Stoughton's title.

The demandant is Julian Holmes, a different person from Nathaniel Holmes, who was one of the lessors. The demandant in bringing this writ of entry to recover possession of the land, if it is included in the lease, must deny that the lease is good against him, on the ground probably that a lease by a mortgagor does not convey an interest in the land as against a prior mortgagee. There is no evidence that the demandant has ever recognized the Turner's Falls Lumber Company as his tenant, and the demandant by his suit elects to treat the tenant as a disseisor. The lessee is not, by virtue of the lease and by occupying under it, a tenant of the demandant, nor is the demandant his landlord. The demandant claims by a title paramount to that of the lessee, and the lessee cannot set up the lease as a defence to this suit, and it is not estopped by the lease from disputing the demandant's title. If the lessor, or any person claiming under the lessor by a title subsequent to the date of the lease, had brought suit against the lessee to recover the rent, the lessee while occupying under the lease could not dispute the sufficiency of the plaintiff's title. A prior mortgagee might enter, and the tenant

might attorn to him, and this would be a good defence to an action by the mortgagor, or those claiming under him, for rent accruing subsequently to the entry; the lessee would thus become the tenant of the mortgagee; but until such an entry, and until the lessee attorns to the mortgagee, or until the mortgagee requires the lessee to pay rent to him, the mortgagee and the lessee are strangers. The ruling given cannot be sustained. *Smith* v. *Shepard*, 15 Pick. 147. *Welch* v. *Adams*, 1 Met. 494. *Massachusetts Hospital Life Ins. Co.* v. *Wilson*, 10 Met. 126. *Russell* v. *Allen*, 2 Allen, 42. *Haven* v. *Adams, ubi supra.* *Ellis* v. *Boston, Hartford, & Erie Railroad*, 107 Mass. 1, 36. *Cook* v. *Johnson*, 121 Mass. 326. *Exceptions sustained.*