WINNISIMMET TRUST, INCORPORATED, *vs.* FRED M. LIBBY, JR., & another.

Suffolk.     October 24, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and Tenant*, Assignment of lease.  *Assignment.  Mortgage*, Of real estate.

After the owner of land subject to a mortgage had leased it for a term of years and had assigned his rights in the lease, the mortgage was foreclosed and the land was purchased by one who immediately conveyed it to the mortgagee. The lessee remained in possession of the land "without interruption," but refused to pay rent to the assignee of the lessor after the foreclosure of the mortgage. *Held*, that, unless and until the mortgagee in possession notified the lessee to pay him rent, or threatened eviction, or the lessee had agreed to attorn to the paramount title of the mortgagee in possession, the rent should be paid to the assignee of the lessor.

The conclusion above stated was reached without consideration of the legal effect of an indorsement by the mortgagee upon the lease, at the time it was executed and delivered, of the words, "I hereby assent to the foregoing lease."

CONTRACT for $650, alleged to be due as rent under a lease of premises known as the "Dream Theatre," in that part of Saugus called Cliftondale. Writ in the Municipal Court of the City of Boston dated March 11, 1918.

At the trial in the Municipal Court, it appeared that on March 2, 1916, the owner of the premises, one James S. Duval, conveyed them in mortgage to one Rufina M. Jordan, and later on the same day executed and delivered the lease to the defendants. The lease was for a term of three years from March 2, 1916, at a rent of $600 per year, payable in instalments of $50 on the second day of each month in advance. At the time of the execution and delivery of the lease the mortgagee signed the following clause written on it: "I hereby assent to the foregoing lease. [signed] Rufina M. Jordan, mortgagee."

On April 27, 1916, Duval assigned to the plaintiff, as security for an indebtedness which he owed to the plaintiff, "all sum or sums of money falling due to" him "as rent under" the lease, "expressly excepting, however, from the operation of this assignment the last three instalments of rent falling due under said lease, which had been previously assigned to Rufina M. Jordan by assignment dated March 2, 1916."

On October 16, 1916, Duval conveyed the premises to George W. Green without giving him notice of the assignment to the plaintiff, and both Duval and Green notified the defendants of the conveyance. On November 28, 1916, the plaintiff for the first time notified the defendants of the assignment to it by Duval. The rent payable on December 2, 1916, and January 2 and February 2, 1917, was recovered in an action of contract between the same parties as those in this action, which was before this court and was reported in 232 Mass. 491.

On May 31, 1917, Rufina M. Jordan, the mortgagee, entered to foreclose her mortgage and on July 10, 1917, the premises were sold under the power of sale in the mortgage to one who on the same day conveyed them to Rufina M. Jordan.

The defendants continuously had occupied and enjoyed the premises from the date of the lease to the date of the writ in this action "without interruption."

This action is for the thirteen instalments of rent due on the second day of each month from March, 1917, to March, 1918, both inclusive.

In the Municipal Court, the plaintiff asked for the following rulings:

"1. Payment to [Rufina M.] Jordan is not a discharge of the obligation of the lessees to the plaintiff.

"2. If the assignment to the plaintiff which is relied on was executed and delivered in good faith prior to the deed to Green, the plaintiff is entitled to the rents in suit.

"3. Recording of the plaintiff's assignment was not necessary to render the same effectual against the subsequent transfer to Green."

The defendants asked for the following rulings:

"1. That on all the evidence the court must find for the defendants.

"2. An assent by the mortgagee to a lease of the premises which was made after the mortgage does not prevent the mortgagee after foreclosure from being entitled to the rents due from the tenant in possession.

"3. A mortgagee is entitled to the rents due under the lease as soon as he takes possession under his mortgage.

"4. The rights of the mortgagee who has taken possession are superior to the rights of the mortgagor as well as to the rights of the assignees and grantees of the mortgagor.

"5. A conveyance of the real estate to a grantee without notice of an assignment of rents carries with the conveyance an assignment of the lease and shuts out the assignee of rents.

"6. An assignee of rents due under a lease has only an equitable right which is cut off by a deed of the premises by the lessor to a *bona fide* purchaser without notice of the assignment of rents."

The trial judge refused to give any of the rulings asked for by the plaintiff, gave the rulings requested by the defendants, and found for the defendants. "The plaintiff, claiming to be aggrieved by the refusal to rule as requested and by the rulings given requested by the defendants and by the finding for the defendants," the trial judge reported the case to the Appellate Division. The Appellate Division ordered judgment for the plaintiff in the sum of $100. Both the plaintiff and the defendants appealed.

In this court, by reason of the decision reported in 232 Mass. 491, which was rendered after the entry of the appeals, the defendants waived their appeal.

*C. A. Warren*, for the plaintiff.

*G. C. Scott*, for the defendants.

De Courcy, J.    This action was brought in the Municipal Court of the City of Boston to recover rent from March 2, 1917, to March 2, 1918, inclusive, reserved under a lease to the defendants from the plaintiff's assignor, James S. Duval. The Appellate Division ordered judgment for the plaintiff in the sum of $100. Both parties appealed. The defendants contended that the conveyance of the real estate from Duval to one Green, on October 16, 1916, cut off the rights of the plaintiff to the rent subsequently accruing. Since the entry of this appeal, it has been decided by this court, in an earlier case pending between these same parties, that the assignment to the plaintiff was effec-

tual as against the subsequent purchaser of the lessor's reversion. *Winnisimmet Trust, Inc.* v. *Libby*, 232 Mass. 491. The defendants now concede that this settles the question raised by them as to the plaintiff's right to recover the rent for March and April, 1917, amounting to $100; and they waive their appeal.

As to the plaintiff's appeal: On March 2, 1916, when the lease was executed, but prior thereto, Duval mortgaged the property to Rufina M. Jordan by a power of sale mortgage in the usual form. At the time of its delivery the mortgagee signed the following clause written in the lease: "I hereby assent to the foregoing lease. [signed] Rufina M. Jordan, mortgagee." On May 31, 1917, the mortgagee made an entry on the premises for breach of condition; on July 10, 1917, the premises were sold under the power of sale to a third person, and immediately reconveyed to said Rufina M. Jordan, who still holds the title. The defendants have continued to occupy the property without interruption. The only issue now argued by the parties is, whether the defendants are liable to the plaintiff for the rent due in advance on and after May 2, 1917, since said entry to foreclose the mortgage. We assume that the parties intended to raise this question by their requests in the Municipal Court.

It was in effect decided by the earlier case between these parties that the right to recover future instalments of rent as they should become due under the covenant of the defendants was an incorporeal interest in land, which the plaintiff holds in its own right by assignment, and for which it may sue in its own name. The mortgagee could not, as such, demand the rent reserved by the lease, as there was no privity between her and the lessees. The tenants cannot avoid paying rent to the assignee of their original landlord unless and until the mortgagee in possession notifies them to pay rent to her, or threatens to evict them, or they have agreed to attorn to her in recognition of her paramount title. *Knowles* v. *Maynard*, 13 Met. 352. *Adams* v. *Bigelow*, 128 Mass. 365. *Holmes* v. *Turner's Falls Co.* 142 Mass. 590. *Tilden* v. *Greenwood*, 149 Mass. 567. So far as this record discloses, Mrs. Jordan has never demanded rent of the defendants. They have remained in undisputed and undisturbed occupancy of the premises under their lease. They have shown no reason why they should not pay rent to the plaintiff, in compliance with their covenant.

We have reached this conclusion apart from the "assent" which the mortgagee signed on the lease. Accordingly it is unnecessary to determine whether that assent should be construed any broader than as an agreement not to disturb the occupancy of the lessees, even in the event of foreclosure, so long as they shall perform the covenants of the lease. She is not a party to these proceedings. Regardless of the question how far her right (under a mortgage antedating the lease) to take possession and evict the lessees has been affected by that "assent," on the facts revealed by this meagre record the defendants are liable on the covenants in the lease under which they have remained in undisturbed possession.

Accordingly judgment for the plaintiff must be ordered in the sum of $650 instead of $100 as ordered by the Appellate Division. *Patten* v. *Deshon,* 1 Gray, 325. *Streeter* v. *Ilsley,* 147 Mass. 141. *Elmore* v. *Symonds,* 183 Mass. 321.

*So ordered.*