WINNISIMMET TRUST, INC., *vs.* FRED M. LIBBY, Jr., & another.

Suffolk. December 13, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Lessee's liability for rent to mortgagee in possession, Assent by mortgagee to lease. *Mortgage,* Of real estate.

After a mortgagee of certain real estate which, subsequent to the execution and delivery of the mortgage, was leased by the mortgagor in writing, has entered to take possession by reason of a breach of the mortgage, has demanded rent from the lessee and has threatened eviction if the rent is not paid, the lessee is no longer under obligation to pay the rent to the lessor or to an assignee of the lessor.

An indorsement by a mortgagee of real estate upon a lease of it by the mortgagor made subsequent to the mortgage, " I hereby assent to the foregoing lease," as a matter of law is not made for the benefit of the mortgagor or of an assignee of his but is for the protection of the lessee in the event of fore-

closure; and it amounts only to an agreement by the mortgagee not to eject the lessee from possession of the premises in the event of foreclosure so long as the lessee performs the covenants of the lease, and does not operate to prevent the mortgagee from taking possession of the premises for breach of the mortgage or from requiring the lessee thereafter to pay rent to him in accordance with the terms of the lease.

CONTRACT for rent at $50 per month for a period of eight months from April to and including November, 1918, alleged to be due to the plaintiff as assignee of the lessor named in a lease from James S. Duval to the defendants. Writ in the Municipal Court of the City of Boston dated February 19, 1920.

Material facts appearing at the trial in the Municipal Court are described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings and findings:

" 2. The evidence discloses no defence to the payment of the rent demanded in this action.

" 3. If a *prima facie* case is made out for the plaintiff and the defendants prove that Mrs. Jordan after entry and foreclosure of her mortgage demanded payment of rent to her and that they did not comply with the demand, or obligate themselves so to do, such facts constitute no defence.

" 4. An actual attornment to Mrs. Jordan by the defendants is necessary to absolve the defendants of their obligation to pay the rent reserved under the lease.

" 5. Upon the evidence it does not appear that there has been an eviction of the defendants, or of acts tantamount to an eviction.

" 6. Unless the defendants have been evicted, or have attorned to Mrs. Jordan to avoid an eviction, no defence has been made out.

" 7. The evidence does not prove an actual attornment by the defendants to Mrs. Jordan."

" 9. The facts alleged in the third paragraph of the defendants' answer if proved do not constitute a defence to this action."

The trial judge refused the above requests, refusing those numbered 5, 6 and 7 " as immaterial by reason of facts

found." He also found as follows: " I find that Mrs. Jordan and her attorney on frequent occasions prior to April 2, 1918, demanded payment of the rent and threatened to evict unless payment was made; and that in consequence of these demands and threats the defendants entered into the agreement dated May 2, 1918." He found for the defendants and, at the plaintiff's request, reported the case to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

The case was submitted on briefs.

*A. C. Warren & L. W. Edwards,* for the plaintiff.

*G. C. Scott,* for the defendants.

CROSBY, J. This action was brought, in the Municipal Court of the City of Boston, to recover rent from April 2, 1918, to and including November 2, 1918, reserved under a lease to the defendants from the plaintiff's assignor, one Duval. The trial judge found for the defendants and the case was reported to the Appellate Division, which dismissed the report.

At the trial the material facts were not in dispute. The record shows that Duval, who was the owner of an estate known as the " Dream Theatre," on March 2, 1916, mortgaged it to Rufina M. Jordan by a power of sale mortgage in the usual form; that on the same day, but after the execution and delivery of the mortgage, he leased the estate to the defendants for the term of three years, at an annual rental of $600, payable $50 monthly in advance, and the mortgagee signed the following clause, written on the lease: " I hereby assent to the foregoing lease."

It further appears that upon the execution and delivery of the lease the defendants entered into possession of the premises; that on or about April 27, 1916, Duval assigned all rents (except the last three instalments falling due to him under the lease) to the plaintiff, as security for certain indebtedness then and thereafter to be contracted; that the defendants were duly notified of the assignment, on or about November 28, 1916, and payment of the rent was demanded by the plaintiff; that on May 31, 1917, the mortgagee, for breach of the conditions of the mortgage, made an entry

on the premises for the purpose of foreclosure; that on July 10, 1917, the mortgage was foreclosed and the premises were sold under the power of sale therein; that on the same day the purchaser reconveyed the property to Rufina M. Jordan, who has ever since been the owner; that all rent falling due from December 2, 1916, to March 2, 1918, inclusive, has after litigation been paid to the plaintiff by the defendants; " that the defendants continued to occupy and enjoy the demised premises under said lease without interruption until May 2, 1918, except that on frequent occasions after foreclosure and prior to April 2, 1918, Mrs. Jordan and her attorney demanded payment of the rent and threatened to evict the defendants unless payment was made, and that in consequence of these demands and threats the defendants on May 2, 1918, entered into an agreement with Mrs. Jordan " by the terms of which the tenancy of the defendants was to terminate on that day, and they were to attorn to her for rent previously due: and that on the same day the defendants vacated the premises.

It also appears that the defendants have not paid rent, under the lease or otherwise, to any one since the payment of the balance of the rent due March 2, 1918. It is their contention that thereafter they were under no liability to the plaintiff, and were liable to Mrs. Jordan only for the rent due April 2, 1918.

Certain questions, previously arising under this lease between the same parties, were considered by this court in 232 Mass. 491, and in 234 Mass. 407.

" No rule of law is plainer than that a mortgagor of real estate has a right to the rents and profits, while he is allowed to remain in possession. *Wilder* v. *Houghton*, 1 Pick. 87. And when a lease is made by a mortgagor, after the mortgage, it does not bind the mortgagee, nor in any manner affect his right. There is no privity between him and the lessee, and no right in him to demand the rent reserved by the lease. . . . In order to give him such right, there must at least be an entry by him, and notice to the tenants to pay rent to him, or some act equivalent thereto." *Tilden* v. *Greenwood*, 149 Mass. 567, 569. *Knowles* v. *Maynard*, 13 Met. 352.

After a mortgagee has entered for the purpose of foreclosure and has demanded rent from the tenant of the mortgagor, the tenant is not liable to the latter for rent. *Cook* v. *Johnson,* 121 Mass. 326. *Adams* v. *Bigelow,* 128 Mass. 365. *Winnisimmet Trust, Inc.* v. *Libby,* 234 Mass. 407, 410. Such exemption from liability does not depend upon recognition by the tenant of the paramount title of the mortgagee in possession. In the last mentioned case, which was for the recovery of rent under the lease, the plaintiff was held entitled to recover after the foreclosure of the mortgage, on the ground that the mortgagee in possession had not notified the lessees to pay him rent and had not threatened eviction; and for the further reason that the lessee had not agreed to attorn to the mortgagee in possession. But it was said in that case, at page 410: " The tenants cannot avoid paying rent to the assignee of their original landlord unless and until the mortgagee in possession notifies them to pay rent to her, or threatens to evict them, or they have agreed to attorn to her in recognition of her paramount title." It appears in the case at bar " that on frequent occasions after foreclosure and prior to April 2, 1918, Mrs. Jordan [the mortgagee] and her attorney demanded payment of the rent and threatened to evict the defendants unless payment was made . . . . " It follows that after such demands and threats the defendants were no longer liable to pay rent to the plaintiff, as assignee of the original landlord, but they were obligated to make such payment to Mrs. Jordan. Although the mortgagee in possession did not actually evict the lessees, threats to do so were equivalent to an eviction. *Smith* v. *Shepard,* 15 Pick. 147, 149.

It remains to consider the effect of the assent of the mortgagee written upon the lease at the time it was executed and delivered. The assent did not have the same effect upon the rights of the tenants as if the lease had antedated the mortgage. Such assent is to be construed as an agreement not to take possession of the premises in the event of foreclosure so long as the tenants perform the covenants of the lease. The assent cannot properly be held as postponing for the term of the lease the mortgagee's right to collect

the amount of the debt, secured by the mortgage by fore-closure and sale of the property, including the right to rents which might thereafter accrue from its occupancy. The assent was not for the benefit of the mortgagor or his assignee, but was for the protection of the lessees in the event of foreclosure; and while they could not be evicted so long as they performed the covenants of the lease, yet such assent did not operate to prevent the mortgagee from taking possession after foreclosure, and requiring the tenants to pay rent to her in accordance with the terms of the lease.

It follows that the plaintiff's requests for rulings were rightly denied.

*Order dismissing report affirmed.*