SOUTHBRIDGE THEATRE OPERATING COMPANY *vs.* HARRY ROSENBERG & another.

Worcester. February 5, 1930. — April 28, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate, Of personal property. *Landlord and Tenant,* Tenant's rights as affected by mortgage.

In a suit in equity to enjoin the defendant from foreclosing a mortgage upon personal property in a theatre building of which the plaintiff was in possession as assignee of a lease, the following facts appeared: Previous to making the lease, the lessor had mortgaged the real estate and also had given to the mortgagee a mortgage of the personal property conditioned upon payment of the note secured by the real estate mortgage. The lease then was given and included both the real estate and the personal property, the rent, however, not being apportioned between them. The real estate mortgage then was discharged of record and a new note secured by a new mortgage was given for a balance still due on, and, a master found, as a renewal of, the former note. Thereafter the lessor made other mortgages of the real estate to the mortgagee. Nothing then was done as to the personal property mortgage. The mortgagee made formal entry under one of the real estate mortgages subsequent to the lease and accepted from the plaintiff the entire rent under the lease, but also began the foreclosure of the personal property mortgage which the plaintiff sought to enjoin. *Held,* that

(1) It could not be said that the defendant by accepting the rent reserved in the lease bound himself not to foreclose the personal property mortgage so long as the plaintiff paid the rent or that thereby he forfeited his right to enforce that mortgage as a lien upon the property covered by it superior to the rights of the plaintiff as lessee;

(2) The time had not arrived when any order concerning the apportionment of rent should be made;

(3) The bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on December 3, 1928, and described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. The suit was heard by *F. T. Hammond,* J. He ruled that the facts, that the defendant Rosenberg, after taking possession as mortgagee, as described in the opinion, collected the full rental

under the plaintiff's lease and accepted it in payment for the use both of the real estate and personal property, "amounted to an agreement on the part of Rosenberg that the personal property should be included in the lease, and an election by Rosenberg to accept the plaintiff as tenant of the personal property under the lease. (Hall, Landlord and Tenant, 9.)   Or in other words, Rosenberg thereby agreed that the mortgage of the personal property dated March 2, 1925, should be subject to the plaintiff's right to possession of the personal property under the lease so long as he paid the rent for it; and this is so even though the mortgage of the personal property was made to Rosenberg before the lease of the personal property was made to the plaintiff's predecessor.   (*Winnisimmet Trust Co.* v. *Libby,* 247 Mass. 560, 563.)   The defendant Rosenberg having accepted rent under the lease which included compensation both for the use and occupancy of real estate and for the use of the personal property covered by the mortgage and the plaintiff having paid such rent in full without default, the defendant Rosenberg can not interfere with the plaintiff's rights to possession and use of the personal property under the lease."

By the judge's orders, there were entered an interlocutory decree overruling exceptions to and confirming the master's reports and a final decree "that the rights of the defendant, Harry Rosenberg, under the chattel mortgage of March 2, 1925, and the real estate mortgages of December 31, 1926, and June 14, 1927, are subordinate to the plaintiff's rights under the lease of April 25, 1925, both as to the real and the personal property covered by the lease and [that] the defendant, Harry Rosenberg, . . . [be] enjoined from selling or attempting to sell the personal property covered by the said lease except as subject to the plaintiff's rights as aforesaid, to the possession and use of said property under the lease so long as there is no default in the payment of the rent reserved in the lease."

The defendant Rosenberg appealed.

*L. E. Stockwell,* for the defendants.

*R. S. Smith,* for the plaintiff.

SANDERSON, J.    In this suit the plaintiff seeks to restrain the defendant Rosenberg, who will be referred to as the defendant, from foreclosing by sale or in any way enforcing a mortgage on the personal property used in connection with the Phelps Theatre in Southbridge.    The plaintiff holds by assignment a duly recorded lease of the theatre and of its contents used in connection therewith.    The personal property included in the lease is covered by the chattel mortgage. This lease, executed by the defendant Burwick as lessor and dated April 25, 1925, was to run for the term of five years and contains a covenant for a new lease of the premises demised for a further period of five years at the request of the lessees.    The annual rent reserved for the first term was to be increased during the second five-year period.    This rent was not apportioned between personal property and real estate.    On March 2, 1925, Burwick placed on the real estate of which the theatre building forms a part, a mortgage running to the defendant to secure a note for $12,000, payable in quarterly instalments of $1,200, the balance remaining due at the end of two years to become then payable upon demand.    The note bore interest at the rate of ten per cent per annum, payable quarterly.    This mortgage was upon the statutory condition with the statutory power of sale in case of breach of condition.    At the time it was given Burwick executed and delivered to the defendant the chattel mortgage in suit which was duly recorded and was conditioned upon the payment of "the real estate mortgage of twelve thousand ($12,000.00) dollars this day executed by the said Burwick . . . covering the Phelps Theatre real estate."    No separate note was executed in connection with the personal property mortgage.    The mortgagor on December 31, 1926, being in arrears in his payments, executed and delivered to the defendant a new mortgage, covering the same real estate as that described in the earlier mortgage, to secure a note for $8,000 — the balance then due on the original note and mortgage.    This note was made payable in monthly instalments of $300, the balance remaining unpaid becoming due and payable on demand one year from its date, with interest at the rate of twelve per cent per annum, payable monthly,

When this new mortgage was given the defendant delivered to Burwick the note for $12,000, and later executed at the registry of deeds a marginal discharge of the real estate mortgage for $12,000 in the following language: "Worcester, Jan. 11, 1927. I acknowledge full payment and satisfaction for the debt secured by this mortgage, and do hereby cancel and discharge the same." This was signed by the defendant and witnessed. See G. L. c. 183, § 54.

The master found that the chattel mortgage was purely secondary security to the real estate mortgage which was executed at the same time; that there was no evidence of fraud practised on the defendant or of any mistake on his part with reference to the discharge of the real estate mortgage; that the note and mortgage, dated December 31, 1926, were not given as a payment of the debt secured by the note and mortgage dated March 2, 1925, but as a renewal of the old note for the balance unpaid; that neither the defendant nor Burwick intended to discharge the personal property mortgage in the transaction of December 31; that when the real estate mortgage was discharged and the note secured thereby surrendered, nothing was said about the chattel mortgage which has not at any time been discharged of record; and that the fair rental value for the use of the personal property as installed and located in the theatre is $200 per month.

In July, 1927, the defendant took possession of the real estate under a mortgage dated June 14, 1927, for breach of conditions, causing a certificate of entry and possession to be filed in the registry of deeds, and thereafter collected all the rents of the theatre building. In August, 1927, he took possession of the real estate under the mortgage dated December 31, 1926. It did not appear that he had at any time undertaken to take possession of the personal property described in the chattel mortgage. The master found that the defendant has begun foreclosure proceedings under his personal property mortgage for breach of conditions thereof. The plaintiff has kept and performed all the conditions of its lease, and has paid to the defendant the rent reserved therein for about eighteen months, and this rent has been

received and accepted in payment for the use and occupation of the premises as well as for the use of the personal property demised by the terms of the lease.

The master refused to find as requested by the plaintiff that the chattel mortgage was discharged on January 11, 1927, that the surrender of the note and discharge of the real estate mortgage given as security raised a presumption of fact that the debt was paid, that the defendant is bound by the discharge executed by him, and that the $12,000 note was paid by the payment of $4,000 and execution of a new note for $8,000 secured by a new real estate mortgage. The trial judge was of the opinion that the acceptance of rent by the defendant in payment for the use both of the real estate and the personal property amounted to an agreement on his part that the personal property should be included in the lease and an election by him to accept the plaintiff as a tenant under the lease; and that the defendant thereby agreed that the mortgage of personal property should be subject to the plaintiff's right to possession under the lease so long as it paid the rent. A decree was entered in conformity to these conclusions and enjoining the defendant from selling or attempting to sell the personal property covered by the lease except as subject to the plaintiff's rights to possession and use of the property under the lease so long as there is no default in the payment of the rent reserved.

The plaintiff has not argued that the chattel mortgage is not still in force, but its contention is that the mortgagee by accepting rent reserved in the lease has agreed that his rights in the personal property covered by the mortgage are subject to the tenant's right to possession of the same under the lease as long as it pays the rent.

A mortgagee in possession of the real estate is entitled to the rent. *Pfaff* v. *Golden,* 126 Mass. 402. *Tilden* v. *Greenwood,* 149 Mass. 567. *Noble* v. *Brooks,* 224 Mass. 288. *Taylor* v. *Kennedy,* 228 Mass. 390, 394. *Burke* v. *Willard,* 243 Mass. 547, 551. *Winnisimmet Trust, Inc.* v. *Libby,* 247 Mass. 560. *Burke* v. *Willard,* 249 Mass. 313. The lessee's right to hold the real estate under the lease was superior to that of the mortgagee because the leasehold rights accrued

before the rights of the mortgagee under the mortgages by virtue of which he took possession; and the plaintiff had the right to remain in possession of the real estate under the lease as long as it performed the covenants therein. *Leominster Gas Light Co.* v. *Hillery*, 197 Mass. 267, 269. The covenant to pay rent runs with the land and the right to sue for rent passes as an incident of the reversion, *Beal* v. *Boston Car Spring Co.* 125 Mass. 157, but no such theory can be applied to a promise to pay for the use of chattels. A covenant as to personal property included in a lease of real estate creates a personal contract. *Magoon* v. *Eastman,* 86 Vt. 261, 264, 266. *Allen* v. *Culver*, 3 Denio, 284, 295.

The right of a lessee of both real and personal property to an apportionment of the rent when he has been legally deprived of either has been recognized in *Newton* v. *Speare Laundering Co.* 19 R. I. 546, *Salmon* v. *Matthews*, 8 M. & W. 827. The case of *Buffum* v. *Deane*, 4 Gray, 385, deals with a situation in which a lease for an entire rental covered both real estate and personal property and the real estate was sold on execution issued against the lessor. The court in holding that the sale of the equity of redemption to the defendant gave him no title to the personal property said, at page 394: "The defendant, under the sale to him of Mansfield's equity of redemption, did not acquire any interest in the personal property mortgaged to Bullock, but only in the real. The case therefore comes within the principle that rent is to be apportioned when the reversion is severed. . . . And we cannot doubt but that, after the sale to the defendant of the right in equity to redeem the real property, the plaintiff was left liable to an action, by the lessor or his assignee, to recover a reasonable and proportional compensation for the use of the personalty." The defendant in the case at bar, having taken possession of the real estate only, did not thereby acquire a right to recover for the use of the personal property. If he intended when he first accepted rent to assent to the right of the plaintiff to hold the personal property under a new agreement upon the same terms so far as applicable as those contained in the lease which then had more than one year to run, the agreement

would be unenforceable unless in writing. G. L. c. 259, § 1, Fifth. There was no written assent or agreement in writing to bind the defendant as in *Winnisimmet Trust, Inc.* v. *Libby,* 247 Mass. 560, 563, 564. But the plaintiff could gain no greater rights in paying the mortgagee for the use of personal property held under a lease subordinate to the mortgage of the defendant than it would gain if it had paid rent for real estate held under a lease which was subordinate to the mortgage under which the mortgagee had taken possession. The mere fact of the acceptance of rent, by a mortgagee in possession, due under a lease subordinate to the mortgage creates only a tenancy at will. *Smith* v. *Shepard,* 15 Pick. 147. *Freedman* v. *Gordon,* 220 Mass. 324. *Hixon* v. *Starr,* 242 Mass. 371. It cannot be held that on the facts disclosed by this record the defendant by accepting the rent reserved in the lease bound himself not to foreclose the personal property mortgage so long as the plaintiff paid the rent or that thereby he forfeited his right to enforce the chattel mortgage as a lien upon the property covered by it superior to the rights of the plaintiff as lessee. The time has not arrived when any order concerning the apportionment of rent should be made.

As the plaintiff has failed to make out a case for equitable relief under any prayer of its bill, the final decree must be reversed and a decree entered dismissing the bill with costs.

*Ordered accordingly.*