## SEVENTEENTH AND LOCUST STREETS CORPORATION v. MONTCALM CORPORATION.

### No. 4473.

Circuit Court of Appeals, Third Circuit.

Nov. 30, 1931.

John Arthur Brown and Joseph J. Brown, both of Philadelphia, Pa., for appellant.

Francis A. Lewis, Morris Duane (of Duane, Morris & Heckscher), and Frank A. Harrigan, all of Philadelphia, Pa., for appellee.

Before DAVIS, Circuit Judge, and THOMSON and WATSON, District Judges.

THOMSON, District Judge.

This bill in equity was filed by a bondholder under a second mortgage, which was secured on premises at 1701 Locust street, Philadelphia. The bill avers that the second mortgage was executed by one Emanuel Gordon, who was the immediate predecessor in title to respondent, and alleges that it is a creditor of respondent because of the covenant in the second mortgage that all future owners of the mortgaged property shall be bound by the covenants of the mortgage. The case came before the court below on a motion for the appointment of a receiver, and a motion by the respondent to dismiss the bill. The motion to dismiss was overruled and the receiver appointed, from which action of the court, this appeal is taken.

The mortgaged premises were owned by one Emanuel Gordon, who signed the bonds, executed a second mortgage, and then conveyed the premises, subject to this mortgage, to the respondent corporation. The conveyance was in the usual form and stated that it was to be "under and subject to the second mortgage." The only additional feature is that there is contained in the second mortgage a covenant that all future owners of the land were to be bound by the covenants in the mortgage. In Pennsylvania, it is beyond question that accepting a deed containing merely the words "under and subject" to a certain mortgage does not make the grantee the debtor of the mortgagee. This is controlled by the Act of June 12, 1878, P. L. 205 (21 P. S. §§ 655, 656) which provides, in substance, that a grantee of real estate bound by mortgage or other incumbrance, shall not be personally liable for the payment of the same, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability. It also provides that the words "under and subject" to the payment of such mortgage or other incumbrance shall not alone be so construed as to make the grantee personally liable. The act further provides that the right to enforce such liability does not enure to any person other than the person with whom such agreement is made, nor shall such liability continue after the said grantee has bona fide parted with the incumbered property, unless he shall have expressly assumed such continuing li-

ability. The language of the act is so clear as to admit of no doubt. Under this act, it matters not that the covenants of the mortgage are binding upon the heirs, executors, and assigns. Of course, if a grantee in a deed has expressly assumed a personal liability, he will be held to his contract, or, if there are express words in the deed stating that the grant is made on condition that the grantee assumes such personal liability, he is bound thereby. But this is a personal liability arising under his contract, and, when he sells the land in turn subject to the same mortgage, the grantee is not liable, unless he, in turn, has expressly assumed such continuing liability. It is not claimed here, that under the deed to the respondent, there are any words which could be construed as creating a personal liability on the grantee to pay the mortgage. But it is claimed that under section 12 of the mortgage, such personal liability does arise: That section is as follows: "Section 12. That all covenants to or by Mortgagor herein contained shall enure to the benefit of and bind his heirs, executors, administrators and assigns and the persons or corporations in whom or in which from time to time title to the mortgaged properties may be vested, and all covenants to or by Trustee shall enure to the benefit of and bind its assignees or successors in the trust as though in each case expressly named."

 It will be noted that this is a covenant between Emanuel Gordon, the mortgagor, and the holders of the bonds, and it goes for the saying that a covenant between those parties, is not binding upon a subsequent grantee of the property, unless such grantee or grantees accept and assume, personally, the covenants of the mortgage. If reliance is had on the terms under and subject to the second mortgage, that question is disposed of by the act of Assembly above recited.

 In Pennsylvania, it is well understood that bonds issued on real estate are made the obligation of the individual, so that they may be legal investments for trust funds. Presumptively, the money paid for these bonds was advanced on the security of the mortgaged premises, and not on the responsibility of a corporation. Assuming that Gordon was a straw man, it is frequently the case that the execution of the bonds and mortgage by him is to relieve the real owners of personal liability on their mortgage. Nor is the covenant in the mortgage a covenant running with the land, such as to bind the assignee. A covenant to run with the land must extend to the land, so that the thing required to be done will affect the quality, value, or mode of enjoying the estate conveyed, and thus constitute a condition annexed or appurtenant to it. It has been said that there must also be a privity of estate between the contracting parties, and the covenant must be consistent with the estate to which it adheres. Nor do we think that the complainant is a creditor of respondent. The property having been sold by the United States receivers, under the first mortgage, removed the complainant's second mortgage lien on the property. The complainant therefore has no longer any security interest in the property itself, and is simply an unsecured creditor. Unless there is something more in the case, such unsecured creditor would not be entitled to ask for a receiver. If it be said that complainant is a secured creditor by reason of the fact that the second mortgage specifically mortgaged the rents and profits, and that certain of these rents remain unpaid to respondent, and that he has, therefore, a lien on these rents, it may be replied that the rents accruing prior to the first mortgage receivership are general assets only of the respondent. The rents and profits accruing prior to the time when a receiver takes possession of the property are within the unlimited control of the mortgagor, and not a part of the mortgagee's security. In such case, no lien on the rents could arise until actual possession of the property was taken by the mortgagee.

For the foregoing reasons, we think the court erred in overruling the motion to dismiss the bill and appointing a receiver, and that the decree should therefore be reversed.