SHALLCROSS et al. v. RANKIN et al.

No. 5544.

Circuit Court of Appeals, Third Circuit.

March 4, 1936.

Thomas P. Mikell, of Philadelphia, Pa., for appellants.

John Dickey, Jr., of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is a contest among first and second mortgagees over the disposition of rents, issues, and profits realized from mortgaged premises.

The Jasper Manufacturing Company owned a certain mill property located at Jasper and Butler streets, in the city of Philadelphia, which it leased to the Lehigh Silk Hosiery Mills, Inc., hereinafter called the Hosiery Mills, on January 1, 1926, for two years "with an automatic continuance clause, from year to year thereafter" under certain contingencies for $32,000 a year

payable in monthly installments of $2,666.-66 on the first of each month.

The Hosiery Mills entered into possession of the property and operated it. On May 1, 1928, the lessor conveyed the property to a "straw man" named John Barlow to enable him to execute two mortgages, one to the Philadelphia Company for Guaranteeing Mortgages, trustee, for $225,000 to run for five years from May 1, 1928, and the other to Percival E. Foerderer, since assigned to Harry Brockelhurst and the estate of William Nicholson, the present holders, for $78,000, now reduced to $18,-000.

By December 31, 1930, the Hosiery Mills Company had loaned to the Jasper Manufacturing Company $185,000 and the Jasper Company executed to it a third mortgage on the property for that amount to secure payment thereof. This made the third mortgage given on the property since the execution of the lease.

On July 27, 1932, a bill was filed for the appointment of receivers for the Hosiery Mills and they were accordingly appointed. At the time the Hosiery Mills owed the Jasper Company $16,128.14, when the mortgage became in default for the nonpayment of rent. This mortgage was in default in the payment of principal and interest when the receivers were appointed. The receivers took possession of the property and the plant and retained it until February 1, 1933, when it was delivered to the first mortgagee, but they refused to confirm the lease to the Hosiery Mills. The monthly value of the premises for use and occupation was by agreement fixed at $1,642.58.

The sole question is, to whom the money for use and occupation of the leased premises belongs, to the first or the second mortgagee?

There are three periods involved here: (1) From July 27, 1932, when the receivers were appointed and occupied the premises, to September 16, 1932, when the second mortgagee gave notice of the default under the second mortgage and demanded the rents. (2) From September 17, 1932, to December 31, 1932, when the first mortgagee gave notice of the default under its mortgage and demanded the rents. (3) From January 1, 1933, to February 1, 1933, when the receivers surrendered the possession of the property to the first mortgagee.

█ The rule of law seems to be well established that when a mortgage is in de-

fault, a mortgagee out of possession is not entitled to rents, issues, and profits until he gives notice of his claim to them and takes possession, actual or constructive, of the mortgaged premises. Miles et al. v. Kolsky & Co., Inc., 13 Pa.Dist.&Co.R. 579, 581; Bulger v. Wilderman and Pleet, 101 Pa.Super. 168, 177; Randal v. Jersey Mortgage Investment Co., 306 Pa. 1, 5, 6, 158 A. 865; Winnisimmet Trust, Inc., v. Libby et al., 234 Mass. 407, 125 N.E. 599, 14 A.L.R. 638; Cook v. Johnson, 121 Mass. 326; Adams v. Bigelow, 128 Mass. 365; Seventeenth & Locust Streets Corporation v. Montcalm Corporation (C.C.A.) 54 F.(2d) 42. There was a default in the first mortgage on November 1, 1932, and in the second on July 1, 1932.

For the first period, from the time of the appointment of the receivers, on July 27, 1932, to September 16, 1932, neither mortgagee filed any notice or made any claim upon the receivers for the use and occupation by them of the property. Therefore neither mortgagee was entitled to the rents for that period and the special master refused to make any award for that period, but the rent for use and occupation for that period evidently belongs to the general creditors.

For the second period, from September 16, 1932, to December 31, 1932, the second mortgagee is entitled to payment for the use and occupation of the property by the receivers, notwithstanding its mortgage was second, because it gave notice to the receivers of its claim to possession and demanded payment for the use and occupation of the premises.

For the third period, from January 1, 1933, to February 1, 1933, the first mortgagee gave notice and demanded the rents and is entitled to payment for use and occupation of the property.

The learned District Judge held that neither mortgagee was entitled to the back rent due at the time of the appointment of the receiver. The first mortgagee was not a creditor of the lessor or lessee, and, besides, it had expressly agreed that the mortgagor should have the rents until default. While the second mortgagee was a creditor of the mortgagor and had not agreed that the mortgagor should have the rents until default, it was out of possession, either actual or constructive, of the mortgaged premises, and under the authority of the above cases it is not entitled to the back rent due at the time of the appointment of the receiver. It belongs to the mortgagor.

The decree of the District Court is affirmed.