75A CHESTNUT STREET, INC. & another vs. PETER J. FIUMARA, SR. April 6, 1972. This is an appeal by the defendant from a final decree, declaring that the plaintiff 75A Chestnut Street, Inc., is the legal tenant of certain premises owned by the defendants, and permanently enjoining the defendant from interfering with the plaintiff corporation's occupancy of the premises. The trial judge filed a statutory report of material facts wherein he made the following subsidiary findings. There was an original lease, dated July 30, 1965, between the plaintiff DiGiando and one Mrs. Marden, which included a covenant against assignment without the landlord's written approval and a "nonwaiver clause." DiGiando and Mrs. Marden on August 22, 1969, executed an "Extension of Lease," incorporating these provisions and extending the term until July 31, 1976. DiGiando assigned the lease as extended to the plaintiff corporation. Prior to execution of the extension agreement, Mrs. Marden had personal knowledge that DiGiando had sold his restaurant business conducted on the premises to the plaintiff corporation. Pursuant to discussions with Mrs. Marden's attorney, the plaintiff corporation made all rental payments under the extension agreement and, through her attorney, Mrs. Marden ratified this arrangement in a letter dated November 5, 1969. These subsidiary findings are amply supported by the reported evidence and warrant the judge's conclusion that, "at least from September of 1969, Mrs. Rose Marden recognized . . . [the plaintiff corporation] as the tenant of her property." Unless "plainly wrong," the judge's decision will not be overturned. *Berman* v. *Coakley,* 257 Mass. 159, 162. We express no opinion as to the nonwaiver clause in the lease. We conclude that, in the circumstances found by the judge, the letter by Mrs. Marden's attorney ("her duly authorized agent and counsel") constituted written approval of the assignment and that occupancy by the plaintiff corporation was not in violation of the lease as extended. The defendant as successor landlord has no greater rights against the plaintiff corporation than his predecessor in title, Mrs. Marden.

See *Mulcahy & Dean, Inc.* v. *Hanley*, 332 Mass. 232, 236. There was no error.

*Decree affirmed with costs.*

*Jerome A. Polcari* for the defendant.
*William A. Cotter, Jr.*, for the plaintiffs.