HONORA VINTON & another[1] vs. JOSEPH W. DEMETRION & another.[2] January 18, 1985. *Landlord and Tenant,* Security deposit.

We hold, reversing a judgment of the Hampden County Housing Court, that the plaintiffs have stated a claim calling for an answer.

---

[1] Ronald Vinton, her husband.

[2] Christine Demetrion, his wife.

After informal amendment, the plaintiffs' complaint could be taken to allege: Upon becoming tenants in November, 1982, of a single-family dwelling in Feeding Hills owned by Shawn Ferguson, the plaintiffs deposited with Ferguson, as owner-lessor, the sum of $1,000 as a security deposit. In July, 1983, Ferguson was negotiating with the defendants for the sale of the house. The defendants refused to close the transaction until the house was clear of these tenants. Accordingly, the plaintiffs were evicted. Thereupon, on July 27, 1983, the sale was consummated and ownership passed to the defendants. This was within thirty days of the eviction. Ferguson, who now resided outside the Commonwealth, did not transfer the security deposit to the defendants. The defendants have failed to pay the amount of the security deposit or any part of it to the plaintiffs. Wherefore the plaintiffs demand judgment against the defendants (claiming treble damages, interest, costs, and reasonable attorney's fees).

If Ferguson had remained the lessor, he would have been liable for failure to return the deposit upon the expiration of thirty days following termination of the occupancy. G. L. c. 186, § 15B(4); see also (6)(e) & (7). Section 15B(5), as appearing in St. 1978, c. 553, § 2, provides that when a lessor sells the premises to another, he shall transfer the deposit to the successor; in case he fails to do so, the successor "shall . . . assume liability for payment of the security deposit to the tenant in accordance with the provisions of this section"; with the proviso that "if the tenant still occupies the dwelling unit for which the security deposit was given, said successor . . . may satisfy such obligation by granting the tenant free occupation and use of the dwelling unit for a period of time equivalent to that period of time for which the dwelling unit could be leased . . . if the security deposit were deemed to be rent . . . ." See also § 15B(6)(d) & (7).

The present case falls not at the possible periphery, but at the center of the quoted language of the statute: the plaintiffs made the security deposit with Ferguson; the defendants were the immediate successors to Ferguson and knew the plaintiffs were tenants to the time of their eviction; Ferguson became obligated to the plaintiffs thirty days after the eviction; as Ferguson did not pass the deposit to the defendants as successors, the latter assumed a corresponding liability toward the plaintiffs. We may add that the defendants in the circumstances described could readily have foreseen their exposure and protected themselves against it by their arrangements with Ferguson.

The judge evidently thought there could be no obligation on the defendants because there was no tenancy in effect when they succeeded to the ownership. But we do not find liability under the statute so conditioned; on the contrary, that subsection (5) may cover a case where the tenancy has terminated, is emphasized by the treatment, as a proviso, of a situation where the tenancy continues after the succession of ownership. Whether a successor (or a successor to a successor) may be made liable where the thirty days following termination of tenancy may have long antedated the

succession of ownership, we need not consider; as noted, the present case is central and simpler.

The judgment dismissing the amended complaint is

*Reversed.*

*Stephen W. Silverman* for the plaintiffs.