Hely, J.
I. INTRODUCTION AND FACTS
Both parties have moved for summary judgment upon an agreed statement of facts. The disputed question of law is whether a commercial tenant who paid a security deposit to its original lessor is entitled to a credit for the security deposit from a successor landlord. For the reasons stated below, the court concludes that the tenant is entitled to the security deposit credit from the current landlord.
The original lessor lost its title when its mortgage holder foreclosed. PHNB Realty, Inc. purchased the property at the foreclosure sale. The plaintiff and current lessor purchased the property from PHNB. The plaintiff later brought the present summary process action for rents due.
The defendant-lessee had given $1,733.57 to the original lessor as a security deposit. The plaintiff has never received that security deposit from any of its predecessors in title.
It is undisputed that the defendant-lessee owes the plaintiff $4,644.14 as rent, and that the defendant has surrendered possession.
II. THE SECURITY DEPOSIT OBLIGATION OF A SUCCESSOR LANDLORD '
If this were a residential lease, the tenant would unquestionably be entitled to a credit for the security deposit under G.L.c. 186, §15B(5). Vinton v. Demetrion, 19 Mass.App.Ct. 948 (1985). The parties correctly recognize, however, that this statute protecting residential tenants does not apply to commercial leases. Shwachman v. Khoroshansky, 15 Mass.App.Ct. 1002 (1983). The parties and the court have not discovered any Massachusetts appellate case directly addressing the issue in the context of a commercial lease. The court concludes, however, that Massachusetts law should recognize the right of a commercial tenant to a credit for a security deposit from the landlord’s successor in title even though the current lessor never received the security deposit from the prior owners.
Massachusetts real estate treatises and case law state that a deed or mortgage of real estate subject to a lease operates as an assignment to the grantee of the lessor’s interest under the lease. Eno & Hovey, Real Estate Law, Forms, Standards, Guidelines §44 (1995); Stavisky & Perkins, Landlord and Tenant Law §930 (1993); see Noble v. Brooks, 224 Mass. 288, 291 (1916) (mortgage operated as an assignment of the lease, and mortgagee was entitled to rents); Taylor v. Kennedy, 228 Mass. 390, 394-95 (1917) (conveyance of title operated as an assignment of the lease).
In Judkins v. Charette, 255 Mass. 76, 81 (1926), the court enforced a covenant to renew a lease against successor owners. The court held that the new owners’ rights “are subordinate to the [tenant] plaintiffs rights under the lease and they are bound by the covenants therein contained to renew it.” Id. Also instructive is 75A Chestnut Street, Inc. v. Fiumara, 361 Mass. 882 (1972), where the court stated that a successor landlord has no greater rights against the tenant than his predecessor in title.
Thus the general principle in the Massachusetts law is that a successor landlord, whether he takes by mortgage foreclosure, purchase, or purchase from an intervening owner, is in the position of an assignee and has essentially the same duties and rights with respect to the lessee as did the original landlord. This tends to support the defendant-lessee’s claim for a security deposit credit in this case.
The reported decisions in other states are divided on this issue. A few cases treat the landlord’s obligation to return the security deposit as a covenant that runs with the land. Thompson on Real Property, §40.05(a)(5) (1994); cf. Judkins v. Charette, supra, 255 Mass. at 81 (1926) (covenant to renew a lease is a covenant running with the land).
*266 Whether or not a security deposit obligation is ' characterized as a covenant running with the land, a lessee’s right to recover the security deposit from the successor landlord is supported by practical policy considerations. A lessee has no control over the lessor’s loss of the property by conveyance or mortgage foreclosure. A lessee operating a continuing business has a legitimate interest in enforcing the lease obligations against an owner with an active investment in the property and the lease. See Judkins v. Charette, supra. The lessee’s only alternative is to chase a former owner who has no further interest in the premises and little incentive to cooperate. Enforcement of the security deposit right against the current lessor is at least logically consistent with enforcement of other lease covenants such as the duration of the lease and options to renew.
Enforcing this security deposit right against the current lessor would in general work no surprise or undue hardship on successor owners. Buyers and mortgagees are generally aware of the presence of current tenants. They can factor in the costs and benefits of existing leases when entering into purchase or mortgage transactions. Security deposits are so common in commercial leases that a successor owner must reasonably expect the existence of some outstanding security deposit obligation. The new owner is entitled to the benefits of the continuing lease arrangement with an existing commercial tenant, and it is not unfair to hold that the security deposit obligation should accompany those benefits.
For these reasons, the defendant-lessee is entitled to a credit of $1,733.57 against its outstanding obligation to the plaintiff-lessor.
III. ORDER
A judgment will enter for the plaintiff in the amount of $2,910.57.