NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-755

THIAGO GONCALVES

vs.

JOSEPH CAUSTRITA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in this no-cause eviction case, the tenant, Joseph Caustrita, appeals from a summary process judgment in favor of the landlord, Thiago Goncalves.  As a defense to eviction, G. L. c. 239, § 8A, the tenant brought counterclaims alleging that the landlord (1) violated the last month's rent statute; (2) breached the implied warranty of habitability by delaying in making certain repairs; and (3) committed unfair or deceptive business practices under G. L. c. 93A.  The tenant argues that the judge made errors of law in ruling that the tenant had not proven that his counterclaims were a valid defense to eviction.  We conclude that the tenant was entitled to five percent interest per year on his last

month's rent, and that he proved that at least some of the defects in the apartment breached the implied warranty of habitability. Accordingly, we reverse the portion of the judgment finding in favor of Goncalves on those counterclaims and vacate the remainder.

Background. The tenant lives in an apartment in a four-unit building in Lowell, where he is a tenant at will. On October 8, 2021, the former owner of the building served the tenant with a notice to quit.

On November 3, 2021, the landlord bought the building, subject to a mortgage requiring, with exceptions not raised in the Housing Court, that he live in it as his principal residence. On December 6, the landlord served the tenant with a summary process complaint. The tenant filed an answer and counterclaims alleging, among other things, that the landlord had violated the last month's rent statute, G. L. c. 186, § 15B (2) (a), as amended through St. 2004, c. 417, § 1; breached the implied warranty of habitability; and engaged in unfair or deceptive acts or business practices, G. L. c. 93A. The answer further alleged that those counterclaims amounted to defenses to eviction under G. L. c. 239, § 8A.

A two-day bench trial took place in December 2022. On the first morning of trial, the parties entered a stipulation in

2

which the landlord acknowledged receipt of $9,350 in residential assistance for families in transition (RAFT) funds, as well as "$850 in cash." After trial, the judge concluded that "[the tenant] did not assert viable defenses to the [landlord]'s claim for possession." Judgment entered for the landlord in the amount of $216.54.

The tenant moved to alter or amend the judgment, Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), because, among other things, the judge's memorandum of decision did not address the tenant's claim that the landlord had violated the last month's rent statute, G. L. c. 186, § 15B (2) (a). The judge denied the rule 59 (e) motion. The tenant appeals.

Discussion. "On review of a jury-waived proceeding, we accept the judge's findings of fact unless they are clearly erroneous" (citation omitted). South Boston Elderly Residences, Inc. v. Moynahan, 91 Mass. App. Ct. 455, 462 (2017). We supplement those factual findings "by relaying what certain documentary evidence in the record stated." New Bedford Housing Auth. v. K.R., 97 Mass. App. Ct. 509, 512 (2020). "We review the judge's rulings on questions of law de novo" (citation omitted). South Boston Elderly Residences, Inc., supra.

1. Interest on last month's rent. The tenant argues that he proved his counterclaim that the landlord violated G. L.

3

c. 186, § 15B (2) (a), by failing to pay him interest on the last month's rent that the landlord had received from the prior owner of the building.  As the plaintiff-in-counterclaim, the tenant bore the burden to prove by a preponderance of the evidence that the landlord violated the last month's rent statute.  See Scofield v. Berman & Sons, Inc., 393 Mass. 95, 114-115 (1984).

The last month's rent statute provides that the landlord shall "pay interest at the rate of five per cent per year or other such lesser amount of interest as has been received from the bank where the deposit has been held."  G. L. c. 186, § 15B (2) (a).  Passing over whether the landlord is statutorily obligated to place the tenant's last month's rent in a bank account,[1] we conclude that the landlord was nonetheless required to pay the tenant five per cent interest per year on the last

---

[1] In Attorney General v. Brown, 400 Mass. 826, 833 n.8 (1987), the Supreme Judicial Court stated that a tenant's security deposit and last month's rent must both be placed in an interest-bearing account in the tenant's name "and the tenant must be paid 5% annual interest."  In contrast, we have construed § 15B (2) (a) to mean that "[t]he landlord is not required to set aside the tenant's last month's rent or to place it in a bank account."  Neihaus v. Maxwell, 54 Mass. App. Ct. 558, 561 n.6 (2002).  We need not resolve the discrepancy, because we conclude that in these circumstances the landlord owed the tenant five percent interest on the last month's rent.

month's rent.[2]  G. L. c. 186, § 15B (2) (a).  See Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 616 (2019); Karaa v. Yim, 86 Mass. App. Ct. 714, 724 (2014).

The tenant testified that when he moved into the apartment in 2013, he paid $850 in last month's rent to the former owner of the building; when the landlord bought the building, the landlord did not give the tenant any notice concerning the last month's rent; and the tenant never received any interest on the last month's rent, either from the former owner or from the landlord.

Called by his own counsel in his case-in-chief and again in rebuttal, the landlord did not address in his direct testimony the tenant's counterclaim for interest on the last month's rent.[3] On cross-examination of the landlord, the tenant's counsel elicited that when the landlord bought the building, he received from its former owner the tenant's last month's rent in the

---

[2] If it had been shown that the last month's rent was held in a bank paying less than five per cent interest, the landlord would owe the tenant only "such lesser amount of interest as has been received from the bank where the deposit has been held." G. L. c. 186, § 15B (2) (a).  On the record before us, those facts were not shown, and so we do not consider the issue.

[3] The landlord has not argued, in the Housing Court or before us, that G. L. c. 186, § 15B (7A), imposed the burden on the former owner of the building to pay the interest on the last month's rent.  See Vinton v. Demetrion, 19 Mass. App. Ct. 948, 949 (1985).  We do not reach that issue.

amount of $850, which was "being held" on behalf of the tenant.[4] The landlord acknowledged that he did not provide the tenant with any notice that he was holding the last month's rent. When the tenant's counsel asked if the landlord had paid the tenant any interest on the last month's rent, the judge interrupted, saying, "Well, this witness testified already. This is rebuttal." Although the landlord's counsel did not object, the judge precluded the tenant's counsel from cross-examining the landlord about whether he paid the tenant interest on the last month's rent.

After judgment for possession entered for the landlord, the tenant moved to reconsider on the ground that the judge had not addressed the last month's rent counterclaim, among other things. The judge denied the motion to reconsider, concluding that the motion did not "indicate any error of law."

In those circumstances, where the tenant presented uncontroverted evidence that the landlord failed to pay him interest on the last month's rent, we conclude that the tenant proved that the landlord violated G. L. c. 186, § 15B (2) (a).

---

[4] Just before trial, the parties stipulated that "$850 in cash" was received by the landlord on December 6, 2022. The record does not state whether that was the last month's rent.

2.  <u>Breach of implied warranty of habitability</u>.  The tenant argues that he was entitled to possession of the apartment because the landlord breached the implied warranty of habitability by violating the sanitary code and delaying necessary repairs on the apartment for five months from November 2021 to April 2022.

The judge heard the testimony of both the landlord and the tenant about the condition of the apartment when the landlord bought the building.  The judge also reviewed documentary evidence including a checklist that the parties signed in November 2021 documenting the condition of the apartment.  The checklist documented problems including missing or damaged screens in the living room, a "small sink leak" in the kitchen, and that the toilet "moves -- needs caulking."  The landlord testified that the items on the checklist were "just cosmetic changes and small repairs" that did not "need[] to be addressed immediately."  The tenant testified that, in addition to the items on the checklist, at their November meeting he also informed the landlord of problems that were not included on the checklist including water damage to the kitchen ceiling and mold in the bathtub.[5]

_____

[5] In response to questions about when he informed the landlord about certain conditions, the tenant often testified about telling the former owner about those conditions.  The

7

The landlord testified that in March 2022, inspectors from the city board of health visited the apartment and told him that he was required to make repairs, including caulking around the toilet that moved and fixing the leaking kitchen sink.[6] The landlord testified that although those items had been on the November 2021 checklist, he considered them "cosmetics" and so he did not make those repairs until April 2022.

A sanitary code violation, particularly a minor one, does not necessarily amount to a breach of the implied warranty of habitability. See South Boston Elderly Residences, Inc., 91 Mass. App. Ct. at 463-464. See also McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977) (tenant not entitled to damages for minor code violations). "The emphasis is on whether the premises are fit for human habitation, not merely on whether the landlord committed a code violation." Goreham v. Martins, 485 Mass. 54, 65 (2020). However, plumbing defects like a malfunctioning sink, if not corrected within five days after notice, "shall be deemed conditions which may endanger or impair the health, or safety and well-being of a person . . . occupying

_____

judge found that the tenant did not prove that the former owner informed the landlord of those conditions.

[6] Included in the record appendix is a March 2022 report of a city building inspector. That report was not marked as an exhibit at trial, and so we do not consider it.

8

the premises."  105 Code Mass. Regs. § 410.750 (2005),
§ 410.750(O)(3) (2007).

The judge found that "the conditions [the tenant]
complained of were not so significant as to impair the
habitability of the [p]remises."  The judge further found that
when the tenant did inform the landlord of "certain conditions
such as a malfunctioning sink, dirty tub, missing screens, [the
landlord] repaired these promptly in April of 2022."  Based on
the landlord's testimony and the checklist showing that he was
aware since November 2021 of the toilet that moved and the
leaking kitchen sink, we conclude that those conditions breached
the implied warranty of habitability, and further that the
landlord did not repair them promptly.  See Ndoro v. Torres, 105
Mass. App. 128, 131 (2024) (breach based on undisputed evidence
that landlord was aware of conditions, including rotting
bathroom floor and water leaks, that she failed to repair for
months).  The case must therefore be remanded to determine the
amount of damages to which the tenant is entitled.  See Boston
Housing Auth. v. Hemingway, 363 Mass. 184, 203 (1973).

3.  G. L. c. 93A claim.  The tenant contends that the
landlord's violation of the last month's rent statute and breach
of the implied warranty of habitability amounted to unfair or

9

deceptive business practices in violation of the consumer protection statute, G. L. c. 93A.

As discussed, we have concluded that the landlord violated the last month's rent statute and breached the implied warranty of habitability. Because the judge did not address the last month's rent issue and concluded that the landlord did not breach the implied warranty of habitability, the judge likewise did not discuss whether either of those claims amounted to a G. L. c. 93A violation. See Ndoro, 105 Mass. App. at 134 (breach of warranty of habitability violated G. L. c. 93A). The tenant's G. L. c. 93A counterclaim remains for the judge to decide on remand.

Conclusion. As we have concluded that Caustrita was entitled to judgment on his counterclaims regarding interest on his last month's rent and breach of the implied warranty of habitability, we reverse so much of the judgment finding in favor of Goncalves and the order denying Caustrita's motion to amend the judgment on those counterclaims and judgment shall be entered for Caustrita. The remainder of the judgment

10

is vacated, and the case is remanded to the Housing Court for further proceedings consistent with this memorandum and order.[7]

So ordered.

By the Court (Henry, Grant & D'Angelo, JJ.[8]),

*Paul Little*

Clerk

Entered: February 5, 2025.

---

[7] Deciding as we do, we do not reach the tenant's argument that the landlord cannot recover possession of the apartment because the amount due to the tenant equals or exceeds the amount due to the landlord. See Ferreira v. Charland, 103 Mass. App. Ct. 194, 200 (2023) (en banc) ("If the judge finds that the amount due to the tenant equals or exceeds the amount due to the landlord, the landlord cannot recover possession").

As for the tenant's request for appellate attorney's fees and costs pursuant to G. L. c. 186, § 15B, and G. L. c. 93A, § 9, we decline to award them. Section 15B (2) (a) would permit an award of reasonable attorney's fees if the landlord failed to pay interest on the last month's rent "within thirty days after the termination of the tenancy." From the record before us, it appears that the tenant is still in possession of the apartment, and so that statute does not apply. Contrast Slater v. Traynor Mgt., Inc., 101 Mass. App. Ct. 705, 716 (2022) (awarding appellate attorney's fees under attorney's fees provision of security deposit statute, G. L. c. 186, § 15B [7]). And because the tenant's 93A claim remains undecided, he is not entitled to appellate attorney's fees under that statute.

[8] The panelists are listed in order of seniority.

11